313 So.2d 680 (1975)
SAWYER, Anthony Eugene, Appellant,
v.
STATE of Florida, Appellee.
No. 44709.
Supreme Court of Florida.
February 19, 1975.
Robert S. Guralnick of Guralnick & Gellman, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
OVERTON, Justice.
This cause is before us on a direct appeal by the appellant from a conviction of a felony murder in the first degree and a sentence of death imposed on him by the Circuit Court for Dade County, Florida. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
The facts are as follows: On January 12, 1973, the appellant and two other individuals entered a liquor store in Dade County, Florida, for the purpose of perpetrating a robbery. The appellant, with a revolver in his hand, directed the proprietor's son to turn over all of the money. The son turned over the money in the cash register, and then the appellant pushed the son into the back room, questioning him with regard to "the rest of it." At this point, the son, his father, and appellant were in the back room together. The wife of the proprietor picked up a bottle of whiskey and, while standing behind the appellant, struck him over the head with it. Simultaneously, the owner grabbed the appellant around the chest in an attempt to subdue him. During the struggle, the gun which the appellant was holding discharged twice, striking the son and causing his death. The owner released appellant, reaching for his son, and the appellant fled the store. Other shots were fired, resulting in the proprietor's wife being slightly wounded.
The appellant was indicted for first degree murder, and after trial the jury returned a verdict of guilty of murder in the *681 first degree as charged in the indictment. At the hearing on the advisory sentence, the only additional evidence presented to the jury was the appellant's prior record. The appellant put on no evidence in his own behalf other than the closing statement of his counsel. After hearing and deliberation, the jury returned an advisory sentence for life imprisonment by a majority vote. The trial court overruled the trial jury in its recommendation and imposed the sentence of death, setting forth its reasons and findings in a written order which is as follows:
"THIS CAUSE came before the Court for trial by jury and after deliberation a verdict was rendered finding the defendant guilty of Murder in the First Degree.
"Thereafter, the defendant was adjudicated guilty by the Court and the jury after hearing additional matters retired to consider an advisory sentence pursuant to Florida Statute 921.141(2). The jury returned and in open court recommended a sentence in the State Penitentiary for life.
"This Court is in possession of additional facts which the jury did not have during their deliberation on the advisory sentence. Those facts are as follows:
"1. The defendant is charged in the United States District Court for the Southern District of Florida with the crime of bank robbery.
"2. This Court takes judicial notice of its own calendar and notes that there are thirteen (13) additional robbery cases against the same defendant, and that except for four (4) all have been heard before a magistrate and the magistrate has found that the proof was evident and the presumption great that the defendant, ANTHONY E. SAWYER, committed the offenses with which he stands charged. In the remaining four (4) robbery cases the defendant, ANTHONY E. SAWYER, waived his right for a preliminary hearing.
"3. During the course of the trial the defendant communicated to various bailiffs that he would take reprisals against persons conducting the trial in the event he would be found guilty.
"4. On October 15, 1973, the date the defendant was to appear before the jury for the rendition of an advisory sentence, he refused to leave his cell in the Dade County Jail, physically assaulted one of the Corrections and Rehabilitation officers and had to be forcibly brought before the Court in handcuffs and leg irons. Counsel for the defendant objected to his being viewed by the jury with handcuffs and leg irons and additional guards were ordered in the courtroom and the handcuffs and leg irons were removed prior to a view by the jury.
"5. The Court finds the defendant is possessed of a violent and ungovernable temper, that he has demonstrated violence in the past and that he has the ability to carry out threats of violence expressed during the course of the trial.
"6. The defendant according to the testimony adduced during the trial was supporting a drug habit of $200.00 a day or $72,000.00 a year. The Court is of the opinion that there is insufficient assistance available to curb this drug habit and the defendant could not be rehabilitated to a point where he would no longer be a danger to the community.
"For the reasons hereinabove stated, this Court, having considered the advisory opinion of the jury as well as the additional circumstances not known to the jury, has made the determination that the defendant be sentenced to death by electrocution."
Items 1 through 4 in the aforementioned order contain factual matters that were not presented to the jury. The appellant takes *682 no issue with the facts as set forth therein. We have granted a motion by the State to complete the record and include the appellant's plea of guilty to ten separate charges of robbery. This substantially corroborates the finding by the trial judge in Item 2 of the aforementioned order.
We find that the aggravating circumstances including (1) the facts of the armed robbery incident; (2) the prior record, including the commission of multiple robberies; (3) the fact that the appellant was a hard drug user, requiring the expenditure of $200.00 per day; and (4) the specific finding of threats of reprisals against persons involved in the trial and prosecution of the appellant and the appellant's violent temper, taken together, are more than adequate to justify the imposition of the death penalty in this cause.
The contentions raised by the appellant alleging the vagueness of the felony murder provisions of Section 782.04, Florida Statutes, are without merit and have been answered by this Court in State v. Dixon, 283 So.2d 1 (Fla. 1973). See also State v. Carroll, 287 So.2d 304 (Fla. 1973).
The contention that the imposition of the death penalty is unconstitutional has also been previously answered by this Court, and we adhere to those rulings. State v. Dixon, supra; State v. Carroll, supra.
Accordingly, no reversible error appearing, the judgment and sentence of the circuit court appealed from are hereby affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS and McCAIN, JJ., concur.
ERVIN (Retired), J., dissents in part and concurs in part with opinion, with which BOYD, J., concurs.
DEKLE, J., dissents.
ERVIN, (Retired), Justice (concurring in part and dissenting in part):
I concur in the opinion of the majority to the extent that it affirms appellant's conviction of first degree murder and dissent to the extent that it affirms his sentence of death. I would commute appellant's sentence to life imprisonment on two grounds.
First, I cannot agree with the prior and present judgment of this Court as to the constitutionality of the Florida death penalty statutes, Sections 921.141, 782.04 and 775.082, F.S., in the light of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). See my dissenting opinions in State v. Dixon, 283 So.2d 1 (Fla. 1973); Spinkellink v. State, 313 So.2d 666, now pending, and Gardner v. State, 313 So.2d 675, now pending.
Second, it appears to me that the trial judge, in overruling the jury's recommendation of life imprisonment and in sentencing appellant to death, took into consideration and relied upon aggravating circumstances not expressly provided by Section 921.141(6), including robbery charges pending against appellant of which he has not yet been convicted, appellant's demeanor and conduct at the trial for which he has not yet been charged or convicted, and appellant's allegedly incurable drug addiction.
Although Section 921.141(1) permits at the sentencing hearing the introduction of any evidence as to any matter that the trial judge deems relevant to sentencing regardless of its admissibility under the exclusionary rules of evidence, as I read the statute, Section 921.141(3) limits the trial judge as to the sentence to be imposed to the aggravating circumstances expressly enumerated in Section 921.141(6) and the mitigating circumstances expressly enumerated in Section 921.141(7). Furthermore, this Court said in Dixon:
"The most important safeguard presented in Fla. Stat. § 921.141, F.S.A., is the propounding of aggravating and mitigating circumstances which must be determinative of the sentence imposed." (Emphasis supplied). 283 So.2d at 8.
*683 Here the trial judge did not adhere in sentencing to the express guidelines of the statute and, as a result, reintroduced the element of discretion rejected in Furman.
For these reasons, I would reduce appellant's sentence to life imprisonment in accord with the recommendation of a majority of the jury.
BOYD, J., concurs.