NESBITT, Judge.
This is an appeal from an adjudication of delinquency by the Juvenile Family Division of the Circuit Court of the Eleventh Judicial Circuit. Right of appeal is granted by virtue of Section 39.14(1) of the Florida Statutes (Supp.1978).
The State Attorney initiated this delinquency proceeding by filing a petition pursuant to Section 39.05 of the Florida Statutes (Supp.1978). The appellant was charged with being a “delinquent child” [1] by reason of having committed a “violation of the law,”[2] to-wit: entering a dwelling house with the intent to commit a theft; [3] having committed a theft.[4]
The victim testified that the appellant, a friend of the victim’s son, had access to and had visited the home where the theft occurred numerous times prior to the incident. It was apparently uncontradicted that the dwelling had been unlawfully entered and that certain personal property in excess of one hundred dollars had been removed. The focal point at trial was the identity of the child. It was determined that a rear door which led to a utility room was the point of entry. The State presented testimony of a fingerprint technician who positively identified the latent prints taken from the point of entry as matching those of the appellant. The State argues that the juxtaposition of the prints in relation to the point of entry demonstrates conclusively that they were made during a forcible entry. The victim also testified that the appellant had not been to his home during the week prior to the incident and had never had access to the utility room.
It is settled that where fingerprint evidence is relied upon as the sole evidence by which to identify the accused as a perpetrator of the crime, the State must show *DCCCXIII that the fingerprints could have only been made at the time the crime was committed. Ivey v. State, 176 So.2d 611 (Fla.3d DCA 1965) and Tirko v. State, 138 So.2d 388 (Fla.3d DCA 1962).
Citing Williams v. State, 308 So.2d 595 (Fla.1st DCA 1975), the State argues that the location of the prints alone demonstrates that they were made during a forcible entry and that the reasonableness of the testimony of the victim, that the appellant had no prior access to the utility room, established a sufficient case to warrant an adjudication of delinquency. We disagree.
The State’s case is based entirely upon circumstantial evidence and fails to exclude, as it must, every reasonable hypothesis of innocence. Mayo v. State, 71 So.2d 899 (Fla.1954) and Redding v. State, 357 So.2d 483 (Fla.3d DCA 1978). The victim’s testimony that the appellant had never been in the utility room is rather barren in view of his testimony that the appellant had had unlimited access in his home on many occasions. This is especially so when coupled, with human knowledge of the energetic and inquisitive propensities of youth. Consequently, it fails to exclude every reasonable hypothesis of innocence. The State’s argument, that the juxtaposition of the fingerprints to the point of entry demonstrates that they were made by the person who committed the forcible entry, while plausible, also does not satisfy the State’s burden under the circumstantial evidence rule.
The adjudication of delinquency against the defendant is reversed with directions to discharge him. Reversed.

. § 39.01(10), Fla.Stat. (1977). ‘“Delinquent child’ means a child who commits a violation of law . . .”

. § 39.01(27), Fla.Stat. (1977). “ ‘Violation of law’ means a violation of any law of the United States or of the state, or of a local ordinance, which would be a misdemeanor or a felony if committed by an adult.”

. § 810.02(3), Fla.Stat. (1977).

. § 812.014, Fla.Stat. (Supp.1978).