419 So.2d 316 (1982)
William Cornelius SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 58183.
Supreme Court of Florida.
August 26, 1982.
*317 Charles D. Waller of Waller & Hersch, Dade City, for appellant.
Jim Smith, Atty. Gen. and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This cause is before the Court on appeal from a judgment of conviction of first-degree murder for which a sentence of death was imposed. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant Simmons was convicted of murder in the first degree and second-degree arson of a truck. The evidence showed that he became involved with Betty Hardy, the victim's wife. As a result of this involvement, appellant decided to kill James Hardy, Betty Hardy's husband. Appellant and Hardy were together in the Hardy home when appellant struck him twice in the head with a roofing hatchet. Death was probably instantaneous or nearly so; an expert testified that either of the two blows could have caused instantaneous death by itself. After the killing, appellant, apparently with Betty Hardy's help, dragged the victim's body out of the house and put it in Hardy's truck. Appellant then drove the truck alongside a highway and set it on fire. Firemen put out the fire before it destroyed the truck and found the body.
There were two witnesses who testified that appellant told them he was planning to murder Hardy and offered to pay for their help. There were also two witnesses who testified about conversations with appellant after the murder in which he admitted having done the crime.
Appellant attempted to send a note to Betty Hardy via a trusty inmate. The trusty turned the note over to a guard who gave it to the investigators. In the note, appellant told Betty that he had not made any kind of confession, and would not admit to anything until she decided what she wanted to do. He also told her to put the car and the trailer or land up for sale and to "get us both out o.k." The note concluded, "I promise I Love you, and I'll never say or tell anything. I love you, 4 ever."
Appellant raises no challenge on this appeal to the judgment of conviction for first-degree murder and second-degree arson. We find that there was sufficient evidence presented to support the convictions.
At the sentencing phase the state presented a certified copy of appellant's previous judgment of conviction for robbery. The defense then presented the deposition of the victim from the file of the earlier robbery case. It showed that while another person held the victim by the shoulders, appellant took $79 from the victim's coat pocket.
The defense presented the testimony of a psychiatrist who had examined appellant extensively. On motion of the state, the testimony concerning the expert's evaluation of appellant was proffered to the judge for a determination of relevancy. The doctor concluded that appellant was neither psychotic nor neurotic, that he knew right from wrong, and that he was of normal intelligence, but that he suffered from extreme emotional immaturity and character disorder. The psychiatrist stated his opinion that, unlike some violent criminals with *318 more severe character disorders, appellant has the capacity to be rehabilitated. The trial judge ruled that the doctor could testify as to his general findings and appellant's general characteristics, but would not be permitted to state his opinion that appellant has the capacity to be rehabilitated. Following this ruling, the defense declined to present the psychiatrist's testimony to the jury as so limited. The court stated, however, that it would consider all of the evidence proffered in imposing the sentence even though it was not all proper for consideration by the jury.
Following receipt of the jury recommendation of death, the court sentenced appellant to death. In his factual findings in support of the death sentence, the trial judge found that the murder was committed for pecuniary gain, that the murder was especially heinous, atrocious, and cruel, and that appellant had previously been convicted of a felony involving the use or threat of violence to a person. The judge found that there were no statutory mitigating circumstances. With regard to the mitigating value of the psychiatric testimony about appellant's capacity for rehabilitation, which was kept from the jury, the court said the following:
Such testimony has received due consideration, it being the finding of this Court, however, that the post facto possibility of rehabilitation of the Defendant notwithstanding, there are certain offenses, such as the one that is the subject of the Court's consideration herein, that are so heinous, atrocious, premeditated, and cruel that the possible rehabilitation of a defendant who commits such an act is far overshadowed by society's responsibility to exact the ultimate penalty as a deterrent to others who would entertain the thought of committing such or similar atrocities for no purpose other than greed or pecuniary gain.
Appellant argues that all of the aggravating circumstances found by the trial court are erroneous, that the court erred in instructing the jury that robbery is as a matter of law a felony involving the use or threat of violence to the person, that the court should have found several statutory mitigating circumstances, and that the court erred in refusing to allow the psychiatrist to testify concerning appellant's capacity for rehabilitation.
In support of the finding that the murder was committed for pecuniary gain, the judge pointed to testimony that appellant had offered money to two individuals for their help in murdering the victim. One of these witnesses testified that appellant told him that he, appellant, would receive a new Trans-Am automobile as one of the fruits of the crime. The judge attributed such testimony to another witness as well, but the record does not support such a finding.
There was no testimony or other evidence pertaining to where the money to pay for assistance in the killing was going to come from, nor was there any direct testimony establishing the existence of the Trans-Am automobile or showing how appellant was to come into possession of it as a result of the murder. There was also the intercepted note written by appellant, although not cited by the trial court, telling Betty Hardy to sell the car and trailer or the land, indicating a possible expectation of monetary benefit. There was not, however, sufficient evidence to prove a pecuniary motivation for the murder itself beyond a reasonable doubt. Such proof cannot be supplied by inference from circumstances unless the evidence is inconsistent with any reasonable hypothesis other than the existence of the aggravating circumstance. Therefore this finding must be stricken.
In support of his finding that the murder was especially heinous, atrocious, and cruel, the judge relied on the fact that the killing was done by bludgeoning with a heavy, sharp tool and "that the Defendant endeavored to conceal, or otherwise hide, the product of his premeditated murder by an unsuccessful attempt to burn the body of his victim in the victim's own truck." This Court has consistently held, however, that in order for a capital felony to be considered heinous, atrocious, or cruel it must *319 be "accompanied by such additional acts as to set the crime apart from the norm of capital felonies." State v. Dixon, 283 So.2d 1, 9 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974). There was no proof that the victim was aware that he was going to be struck with a hatchet. See Maggard v. State, 399 So.2d 973 (Fla.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981). There was no evidence that the victim was subjected to repeated blows while living; death was most likely instantaneous or nearly so. The finding that the victim was murdered in his own home offers no support for the finding, nor does the evidence that appellant attempted to conceal the murder by burning the body. See Halliwell v. State, 323 So.2d 557 (Fla. 1975). Therefore this aggravating circumstance must also be stricken.
Appellant also challenges the court's finding that he had previously been convicted of a felony involving the use or threat of violence and the court's instruction to the jury regarding this aggravating circumstance. Robbery, appellant points out, can be committed by force, violence, assault, or putting in fear. He points to evidence pertaining to the previous crime and argues that, since there was no weapon and no injury, the robbery was committed merely by force and not by violence or the threat of violence as is required in order to establish the aggravating circumstance in question. Thus he calls attention to and relies upon the difference in meaning between "force" and "violence."
When one commits robbery without inflicting physical injury and without threatening physical injury by display of a weapon, but merely by overpowering or restraining the victim enough to allow the taking of his property, the crime is robbery nevertheless. Such a crime has a confrontational element that sets it apart from mere larceny or stealing. The distinction is illustrated by the difference between a pickpocket, who does not intend to confront or assault his victim, and a purse-snatcher, who does. The law recognizes the serious nature of such a confrontational crime and classifies it as robbery because it has a high life-endangering potential. Through the assault or restraint, even if not physically injurious or violent, the robber conveys to the victim the message that if he resists, greater force will be used if necessary to effectuate the robbery. Therefore, a robbery committed by assault and restraint is just as much a felony involving the threat of violence as is a robbery committed through battery or the display of a weapon.
We therefore conclude that, for the purposes of section 921.141(5)(b), Florida Statutes (1977), robbery is as a matter of law a felony involving the use or threat of violence. The trial court was correct in so instructing the jury and in finding this aggravating circumstance based on the evidence.
Appellant contends that the trial court erred in refusing to find several mitigating circumstances from the evidence. He argues that the judge should have found the absence of a significant criminal history. § 921.141(6)(a), Fla. Stat. (1977). We conclude, however, that the judge was correct in not finding this mitigating factor since, according to a presentence investigation, appellant had not only the robbery conviction already discussed, but also numerous misdemeanor convictions, several arrests and accusations, and two charges of violation of parole.
Appellant contends that the trial judge should have found that his capacity to appreciate the criminality of his conduct or to conform it to the requirements of law was substantially impaired. Id. § 921.141(6)(f). We conclude that the evidence of alcohol and marijuana use on the night of the murder did not compel such a finding. See Stone v. State, 378 So.2d 765 (Fla. 1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed. 250 (1980); Salvatore v. State, 366 So.2d 745 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Buckrem v. State, 355 So.2d 111 (Fla. 1978); Songer v. State, 322 So.2d 481 (Fla. 1975), vacated, 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977).
*320 Appellant contends that the trial judge should have found his youth to be a mitigating circumstance. Id. § 921.141(6)(g). Appellant's age at the time of the crime was twenty-three; we hold that the judge here was not required to find appellant's age to be a mitigating factor. See Songer v. State, 322 So.2d 481 (Fla. 1975), vacated, 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977).
Appellant's final argument on appeal is that the trial judge erred in refusing to allow the defense to present to the jury a psychiatrist's evaluation of appellant's capacity for rehabilitation. Appellant contends that the testimony would have had some arguable value for the jury in determining whether the death penalty was appropriate in light of the circumstances of the crime and the character of the defendant. We agree. In United States v. Grayson, 438 U.S. 41, 47-48, 98 S.Ct. 2610, 2614, 57 L.Ed.2d 582 (1978), the Court said, "To an unspecified degree, the sentencing judge is obligated to make his decision on the basis, among others, of predictions regarding the convicted defendant's potential, or lack of potential, for rehabilitation." A person's potential for rehabilitation is an element of his character and therfore may not be excluded from consideration as a possible mitigating factor. Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). Since the evidence appellant offered was reasonably related to such a valid mitigating factor, the evidence should have been admitted before the jury at the sentencing phase of the trial. See Perry v. State, 395 So.2d 170 (Fla. 1980); Miller v. State, 332 So.2d 65 (Fla. 1976).
We affirm appellant's conviction for first-degree murder. His judgment of conviction for second-degree arson has not been challenged on this appeal. We vacate the sentence of death, and remand the case to the trial court for a new sentencing hearing before a new, specially empanelled jury.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON and McDONALD, JJ., concur.
ADKINS, J., concurs with conviction and dissents with sentence.
SUNDBERG, J., concurs with conviction and dissents with sentence: "I would simply remand for imposition of a life sentence."