442 So.2d 200 (1983)
Robert PEAVY, Appellant,
v.
STATE of Florida, Appellee.
No. 62115.
Supreme Court of Florida.
December 8, 1983.
*201 Eric Wm. Hendon, Miami, for appellant.
Jim Smith, Atty. Gen. and Jack B. Ludin, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Robert Peavy appeals his conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution. We affirm Peavy's conviction, but vacate his sentence and remand for a new sentencing hearing.
A Dade County grand jury indicted Peavy for first-degree murder, robbery, and burglary. A jury convicted him as charged and recommended the death penalty. The trial court then sentenced Peavy to death for the murder and to terms of life imprisonment for the robbery and burglary.
The charges against Peavy stemmed from the following facts. On the evening of May 4, 1980 a resident of a rooming house in downtown Miami, unable to rouse his neighbor, had the manager open the door to the neighbor's one-room apartment. Inside, the manager found the elderly tenant lying dead across his bed. The room had been ransacked, a television set and the victim's watch were missing, and shaving cream had been sprayed on the door locks. The victim died from stab wounds. The police arrested Peavy after establishing that his fingerprints matched the fingerprints found on the top of the shaving cream can and on the victim's cashbox.
Peavy now challenges the sufficiency of the evidence to convict him of these crimes. At trial Peavy testified that he had helped the victim carry a bag of groceries home from a store ten to twelve blocks from the victim's residence. He could not remember the date and stated that, after he and the victim ate some fruit and chatted, the victim gave him two dollars and he left the apartment.
The state produced only circumstantial evidence, but we find the jury could reasonably have believed that evidence rather than Peavy's testimony. Circumstantial evidence must not only be consistent with the defendant's guilt, but must be inconsistent with any reasonable hypothesis of innocence. Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981); Mayo v. State, 71 So.2d 899 (Fla. 1954). *202 The state's evidence meets this test, and, after reviewing the record, we find the evidence sufficient to support the convictions.
The neighbor testified that he had never known the victim, who walked only with the aid of a cane, to walk as far as the store where Peavy said he had met him. Indeed, the witness stated that he did not know if the victim were physically able to walk that far. This neighbor testified that he usually shopped for the victim and, the morning of the killing, had purchased some groceries for the victim. He stated that he had observed the apartment to be neat and orderly when he returned with the groceries. Witnesses testified, however, that when the body was found that evening the apartment was messy and appeared to have been ransacked. Moreover, papers kept in the victim's cashbox had been strewn about the room, and shaving cream had been sprayed on the door locks.
This testimony, when coupled with Peavy's fingerprints being found on the cashbox and on the top of the shaving cream can, demonstrates Peavy's presence at the time of the crimes. J.C. v. State, 377 So.2d 731 (Fla. 3d DCA 1979). In sum the evidence presented at trial is sufficient to support the convictions and justified the jury's disbelief in Peavy's story.
Peavy also claims that the court erred in instructing on felony murder. Not only did the evidence support the giving of such an instruction, but trial counsel failed to object to giving the felony-murder instruction. Florida Rule of Criminal Procedure 3.390(d) provides that instructions must be objected to at trial in order to be preserved for appeal. Jones v. State, 411 So.2d 165 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 189, 74 L.Ed.2d 153 (1982). By failing to object at trial Peavy has waived this point on appeal, but, had he objected, he would have lost on the merits.
Turning to the sentencing portion of his trial, Peavy claims that section 921.141, Florida Statutes (1981), is unconstitutional both on its face and as applied. These claims have been made and considered previously,[*] and we find no merit to them now.
The trial court, in sentencing Peavy to death, found that four aggravating circumstances  previous conviction of violent felony; committed during a felony; heinous, atrocious, and cruel; and cold, calculated, and premeditated  and two mitigating circumstances  no significant history of criminal activity and Peavy's age  applied. We find that the mitigating circumstances and the first three aggravating circumstances are supported by the evidence. We do not agree with the trial court that the facts of this case establish that the murder was cold, calculated, and premeditated.
While some may view this homicide as cold, calculated, and premeditated, it does not meet the standard for finding this aggravating circumstance. Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); Combs v. State, 403 So.2d 418 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 862 (1982). This murder occurred during the commission of a burglary and robbery and is susceptible to other conclusions than finding it committed in a cold, calculated, and premeditated manner. The trial court improperly found the existence of this aggravating circumstance because the evidence does not establish it beyond a reasonable doubt. Harris v. State, 438 So.2d 787 (Fla. 1983); Jent v. State; Williams v. State, 386 So.2d 538 *203 (Fla. 1980); State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1951, 40 L.Ed.2d 295 (1974).
Striking out the fourth aggravating circumstance leaves three aggravating factors to be weighed against two mitigating factors. We therefore remand to the trial court for a new sentencing hearing. Moody v. State, 418 So.2d 989 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 1213, 75 L.Ed.2d 451 (1983).
We affirm Peavy's convictions and the sentences for burglary and robbery, but remand for resentencing for first-degree murder.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., concurs in part and concurs in result in part with an opinion.
ADKINS, J., concurs with conviction but dissents as to sentence only.
McDONALD, Justice, concurring in part and concurring in result in part.
I agree with the affirmance of the conviction and that this cause should be remanded for a new sentencing proceeding.
I disapprove of the finding that this homicide was especially cruel, atrocious, and heinous. State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1951, 40 L.Ed.2d 295 (1974), sets the standard for establishing heinous, atrocious, and cruel:
What is intended to be included are those capital crimes where the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim.
Id. at 9. While the stabbing of this elderly victim was reprehensible, it was not "unnecessarily torturous" or so at variance with the "norm" of deliberate killing as to meet the Dixon standard. The medical examiner testified that, although the victim would have felt some pain, he lost consciousness within seconds and bled to death in a minute or less. Moreover, the body exhibited no defensive wounds, nor does it appear that the victim struggled with his killer. Compare Waterhouse v. State, 429 So.2d 301 (Fla. 1983), and Breedlove v. State, 413 So.2d 1 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982). Finally, the trial court, in finding the applicability of this circumstance, appears to have relied on what was done to the body after death.[*] The kind of misconduct exhibited here does not warrant finding the murder to have been heinous, atrocious, and cruel. Simmons v. State, 419 So.2d 316 (Fla. 1982); Halliwell v. State, 323 So.2d 557 (Fla. 1975).
I would also suggest that prior to resentencing the trial judge obtain more information about the defendant. The record is quite sparse on this and Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), seems to dictate such consideration.
NOTES
[*] Peavy claims that the aggravating and mitigating circumstances are vague and overbroad, that § 921.141 violates the mandate of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), that the state is unable to justify the death penalty as the least restrictive means available to further a compelling state interest, and that the death sentence has been imposed in an arbitrary and capricious manner. These or very similar claims have been considered and rejected previously. See, e.g., Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); Riley v. State, 433 So.2d 976 (Fla. 1983); Hitchcock v. State, 432 So.2d 42 (Fla. 1983); King v. State, 390 So.2d 315 (Fla. 1980), cert. denied, 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981).
[*] A sugary substance and a liquid were apparently poured into a large wound on the victim's abdomen. The medical examiner testified that this wound was made after death.