PER CURIAM.
Pedro Medina appeals his conviction of first-degree murder and sentence of death. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm both the conviction and sentence.[1]
State troopers arrested Medina, a recent Cuban emigrant, at a rest stop on I — 10 near Lake City for being in possession of a stolen automobile believed to be connected with the murder of an Orlando woman. After being interviewed, Medina was arrested and transported to Orange County. At trial the jury convicted Medina of first-degree murder and recommended the death sentence. The trial court agreed, finding that the aggravating circumstances of heinous, atrocious, or cruel and for pecuniary gain outweighed the lack of significant criminal history in mitigation.
*1048 Medina raises twenty-eight issues on appeal. After examining this case, we find that not all of them merit discussion.[2]
The chief contention urged at oral argument is that the trial judge erred in not granting a mistrial and in refusing to allow defense counsel to question an excused juror about the other jurors’ feelings concerning a witness’s unsolicited testimony. We disagree with Medina’s contentions.
After killing the victim and taking her automobile, Medina left Orlando and went to Tampa. In Tampa he tried to sell the car to at least two people. While demonstrating the car to one of these persons, Medina stabbed the prospective buyer, who testified as a witness for the state.
Prior to this witness’ testifying, the court granted Medina’s motion and directed the state not to question this witness about the stabbing. On the stand, however, the witness blurted out the fact that he had been stabbed. The court denied Medina’s motion for a mistrial on this point and gave the jury a curative instruction. Medina’s counsel then attempted to cross-examine the witness further, but the trial court cautioned counsel that further questioning would open up the subject completely. Following this, one of the jurors wrote the court a note stating that, unless Medina rebutted the stabbing, he, the juror, would be unable to disregard the witness’ statement. The court excused this juror and replaced him with an alternate. Now, Medina urges that the court erred in not granting the mistrial and in refusing to allow him to question the excused juror as to the other jurors’ feelings on this point. We disagree with both of Medina’s contentions.
Similar fact evidence is not admissible if it goes only to show a defendant’s bad character or propensity. If, however, *1049 such evidence is relevant for any other purpose, it is admissible. Shriner v. State, 386 So.2d 525 (Fla.1980), cert. denied, 449 U.S. 1103,' 101 S.Ct. 899, 66 L.Ed.2d 829 (1981); Williams v. State, 117 So.2d 473 (Fla.1960). This witness’ testimony was relevant to connecting the knife found in the car at Medina’s arrest, a knife which the medical examiner testified was consistent with and could have caused the homicide victim’s wounds, to Medina and to the homicide victim. The trial court’s initial ruling as to the admissibility of this testimony, therefore, appears to have been in error. Because this testimony could have been admitted under Williams, any “error” in the witness’ unsolicited answers is harmless. Moreover, the trial court correctly cautioned Median’s counsel that pursuing the stabbing on cross-examination would open that matter to intensive examination. Killingsworth v. State, 90 Fla. 299, 105 So. 834 (1925).
Controlling the jury and insuring a defendant a fair trial is the trial court’s responsibility. The excused juror indicated that he no longer had an open mind, and the court properly removed him. Medina’s request to question this juror as to the other jurors’ feelings about the matter would have produced only speculation and conjecture. The trial court, therefore, correctly refused to allow such questioning. See Orosz v. State, 389 So.2d 1199 (Fla. 1st DCA 1980); Walker v. State, 330 So.2d 110 (Fla. 3d DCA), cert, denied, 341 So.2d 1087 (Fla.1976). Medina has demonstrated no prejudice, and we hold that the trial court committed no error here.
Two weeks prior to trial the public defender moved to withdraw as Medina’s counsel because of a possible conflict of interest. A week later the court granted that motion and appointed two private attorneys to represent Medina. Without moving for a continuance the new counsel asked for an additional sixty to ninety days to prepare for trial, and the trial court continued the case for ninety days, charging this continuance to the defense. Two months later Medina moved for discharge under the speedy trial rule. After a hearing, the court denied the motion, finding that neither the public defender nor the newly appointed counsel had been ready to go to trial on the scheduled date and that the defense still had a motion pending before the court. We find that the court properly charged the continuance to the defense and did not err in denying the motion for discharge. See Jones v. State, 449 So.2d 253 (Fla.1984).
Medina claims that the state had access to the criminal records of several witnesses and that the court committed reversible error by refusing to direct that the state provide this information to the defense. We disagree. The court granted the motion to the extent of information contained in the state’s files, but properly held that the defense has the initial burden of trying to discover such evidence and that the state is not required to prepare the defense’s case. State v. Crawford, 257 So.2d 898 (Fla.1972).
We also disagree that the trial court erred in failing to suppress Medina’s arrest and the seizure of evidence from him and from the automobile. The record shows that the troopers had sufficient probable cause to arrest Medina. The troopers conducted the searches incident to a lawful arrest, and the trial court properly denied the motion to suppress. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
After being arrested, Medina made a taped statement which he sought to have suppressed at trial. Following a hearing, the trial court found Medina’s statements to have been made freely and voluntarily. Medina now claims that he was arrested illegally and that the sheriff’s office did not guard his right of silence and that he did not waive his right to remain silent.
A ruling on a motion to suppress is presumptively correct. Johnson v. State, 438 So.2d 774 (Fla.1983), cert, denied, — U.S. —, 104 S.Ct. 1329, 79 *1050 L.Ed.2d 724 (1984). After reviewing the record, we agree with the trial court. Medina’s arrest was not an illegal arrest, and the suppression hearing testimony supports the court’s finding the statement to have been made freely and voluntarily.
Medina also claims that the trial court unduly restricted his cross-examination of one of the state’s witnesses. The trial court found the point Medina sought to impeach this witness on to be, at most, immaterial and insignificant. The court also agreed with the state’s objection that the question exceeded the scope of cross-examination. The scope and control of cross-examination is within the trial court’s discretion. Maggard v. State, 399 So.2d 973 (Fla.), cert, denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981). Medina has shown no abuse of discretion here, and we find no reversible error on this point.
Medina claims that the trial court also erred in admitting into evidence testimony that he resisted arrest with violence and that he attempted to escape while being transported to Orange County. The admission of evidence is within the trial court’s discretion. Jent v. State, 408 So.2d 1024 (Fla.1981), cert, denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982). Medina has demonstrated no abuse of discretion, and we find no reversible error regarding this evidence.
Contrary to Medina’s contentions, our review of the record reveals that his convictions are supported by competent, substantial evidence. We therefore affirm his convictions of first-degree murder and auto theft.
Turning to the sentencing portion of his trial, Medina argues that the court erred in finding the aggravating factors of heinous, atrocious, or cruel and for pecuniary gain and, therefore, should not have imposed the death penalty. Medina cites several cases to support his claims, but we find his reliance on them misplaced. The trial judge found, and the records support, that Medina stabbed the victim with a knife, inflicting a total of ten wounds, six to the left front of the victim’s chest, one to the neck, one to the abdomen, and two to the left wrist. At some point during or immediately following the stabbing, Medina tied a loose cloth gag in the victim’s mouth. According to the medical examiner, the victim took ten to thirty minutes to die and experienced considerable pain. Compare Preston v. State, 444 So.2d 939 (Fla.1984) (victim’s throat slashed, surrounding circumstances can support finding heinous, atrocious, or cruel); Peavy v. State, 442 So.2d 200 (Fla.1983) (stabbing can support finding heinous, atrocious, or cruel in aggravation). The record shows that Medina had an obsession for cars and had a tremendous desire to own his own car. The record supports the conclusion of the trial judge that he killed the victim, who he knew, to obtain her car. He later attempted to sell it to raise bond money for his girlfriend. Compare Middleton v. State, 426 So.2d 548 (Fla.1982), cert, denied, — U.S. —, 103 S.Ct. 3573, 77 L.Ed.2d 1413 (1983) (stealing victim’s car and pistols and selling pistols supports finding for pecuniary gain).
Medina has a behavorial problem. He testified that he had been hospitalized for mental problems in Cuba. His actions appear to be impulsive at times. The trial judge considered and weighed both the statutory and nonstatutory mitigating evidence and found that Medina had no significant prior criminal history. The trial judge also found, however, that the non-statutory mitigating evidence was entitled to little weight and that the aggravating circumstances outweighed the mitigating evidence. Compare Foster v. State, 369 So.2d 928 (Fla.), cert, denied, 444 U.S. 885, 100 S.Ct. 178, 62 L.Ed.2d 116 (1979) (death penalty affirmed for stabbing death and robbery even though defendant had extensive history of mental illness).
We hold that no reversible error occurred during this trial and that competent, substantial evidence supports the convictions and sentences. We therefore affirm those convictions and sentences.
It is so ordered.
*1051 BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.

. Although Medina does not appeal his conviction of and sentence for auto theft, they are supported by the record, and we also affirm that conviction and sentence.

. Several of the issues raised here have been decided previously against Medina's contentions:
1) Whether § 921.141, Fla.Stat. (1983), is unconstitutional because the aggravating and mitigating circumstances are vague and over-broad, because death is not the most restrictive means to further a compelling state interest, and because of arbitrary and capricious sentencing. Peavy v. State, 442 So.2d 200 (Fla.1983).
2) Whether electrocution is cruel and unusual punishment. Booker v. State, 397 So.2d 910 (Fla.), cert, denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981).
3) Whether the court erred in not ordering a presentence investigation. Buford v. State, 403 So.2d 943 (Fla.1981), cert, denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982).
4) Whether the court should have dismissed the indictment because it failed to allege applicable aggravating circumstances. Sired v. State, 399 So.2d 964 (Fla.1981), cert, denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982).
5) Whether the court erred by failing to have the state notice Medina of the aggravating factors it would rely on. Tafero v. State, 403 So.2d 355 (Fla.1981), cert, denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 694 (1982).
6) Whether § 921.141 is unconstitutional as being procedural rather than substantive. Morgan v. State, 415 So.2d 6 (Fla.), cert, denied, 459 U.S. 1055, 103 S.Ct. 473, 74 L.Ed.2d 621 (1982).
Medina also argues that the trial court abused his discretion in several instances, but our review of the record discloses no abuse of discretion in the following matters:
1) Failure to allow individual voir dire and refusal to sequester the jury. Davis v. State, 461 So.2d 67 (Fla.1984): Ford v. State, 374 So.2d 496 (Fla. 1979), cert, denied, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980).
2) Failure to appoint a third psychiatrist after two experts had already found Medina competent. Martin v. State, 455 So.2d 370 (Fla.1984).
3) Failure to sever the auto theft charge from the first-degree murder charge. Menendez v. State, 368 So.2d 1278 (Fla.1979).
4) Failure to exclude a serologist’s testimony as irrelevant. Jent v. State, 408 So.2d 1024 (Fla.1981), cert, denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982).
5) Failure to give an instruction on circumstantial evidence. Rembert v. State, 445 So.2d 337 (Fla.1984).
6) Failure to give an instruction supporting Medina’s theory of defense that someone else committed the murder. Williams v. State, 437 So.2d 133 (Fla.1983), cert, denied, — U.S. —, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984).
In addition to the preceding arguments Medina has shown no impropriety or undue prejudice from the court’s denial of the following motions: 1) to preclude challenges for cause of death-scrupled prospective jurors; 2) to voir dire the grand jurors who indicted Medina; 3) to prohibit the state from questioning prospective jurors as to their attitudes toward the death penalty; and 4) for a mistrial because Medina had been shackled and handcuffed during trial.