470 So.2d 697 (1985)
Jacob John DOUGAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 65217.
Supreme Court of Florida.
May 30, 1985.
*699 Joseph M. Nursey, Atlanta, Ga., for appellant.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
McDONALD, Justice.
In 1975 a jury convicted Dougan of one count of first-degree murder and recommended that he be sentenced to death. The trial court followed the jury's recommendation, and this Court, in a combined appeal by Dougan and a co-defendant, affirmed both the conviction and sentence. Barclay v. State, 343 So.2d 1266 (Fla. 1977), cert. denied, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978). Later, this Court remanded for the trial court to conduct a hearing pursuant to Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). Barclay v. State, 362 So.2d 657 (Fla. 1978). After holding a Gardner hearing, the trial court again sentenced Dougan to death, and this Court again affirmed the sentence. Dougan v. State, 398 So.2d 439 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 367, 70 L.Ed.2d 193 (1981). We recently found that Dougan's appellate attorney had rendered ineffective assistance of counsel and that he had a conflict of interest in representing both Dougan and a co-defendant on appeal and that, therefore, Dougan should have a new appeal. Dougan v. Wainwright, 448 So.2d 1005 (Fla. 1984). Dougan now appeals his conviction and sentence of death, giving us jurisdiction pursuant to article V, section 3(b)(1) of the state constitution. We affirm his conviction, but remand for a new sentencing hearing.
Dougan alleges five errors regarding his conviction: that the police improperly seized and searched his car; that the victim's stepfather should not have been allowed to identify pictures of the victim's body at trial; that the court erred in instructing the jury on felony murder; that the court improperly excluded relevant defense evidence; and that the court erred by excusing death-scrupled prospective jurors.
The police seized Dougan's car when they arrested him, but did not search it until after receiving his consent to do so. After a hearing, the trial court denied Dougan's motion to suppress items taken from the car because of the claimed illegality of the seizure and search. On the facts of this case we find no error on this point.
As a general rule, members of a victim's family should not identify a victim at trial. Welty v. State, 402 So.2d 1159 (Fla. 1981). Such an identification, however, is not fundamental error. Id.; Barrett v. State, 266 So.2d 373 (Fla. 4th DCA 1972). Dougan's failure to make a specific contemporaneous objection to this testimony, therefore, forestalls appellate review. Barclay v. State, 470 So.2d 691 (Fla. 1985). See Peavy v. State, 442 So.2d 200 (Fla. 1983); Routly v. State, 440 So.2d 1257 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 3591, 82 L.Ed.2d 888 (1984); Ray v. State, 403 So.2d 956 (Fla. 1981).
Dougan and three co-defendants were tried together. At the charge conference the trial court indicated his willingness not to charge the jury on felony murder at the defendants' request. One co-defendant, however, also requested an instruction on third-degree murder, which is solely felony murder. § 782.04(4), Fla. Stat. (1975). The state then insisted that the entire charge for first-degree murder, including the felony murder portion, would have to be given in order for the jury to understand the charge on third-degree murder. The trial court agreed with this, and none of the defendants objected. Absent *700 a specific contemporaneous objection, an instruction cannot be complained about on appeal. Ray v. State. The additional requested instruction on third-degree murder changed the rules of the game, so to speak, and we hold that the court's final decision to charge on felony murder should have been objected to as a prerequisite to bringing this point up on appeal.
At trial Dougan sought to present a police officer's testimony as to another murder. The state objected to this witness' testifying on the basis of relevancy. The defense did not demonstrate sufficient relevancy (Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982)) to the judge's satisfaction, and we find no abuse of discretion in the refusal to let this witness testify.
As the final point regarding his conviction, Dougan contends that the court erred in excusing for cause eight death-scrupled prospective jurors. He bases his argument on three claims: 1) the questioning was insufficient to determine if these people were properly excused for cause and misled them about the jurors' role in sentencing; 2) questioning prospective jurors about their views on the death penalty creates prejudice and implies a defendant is guilty; and 3) "death qualification" produces a "prosecution-prone" jury which is not a representative cross-section of the community. After studying the voir dire in this case, we hold that Dougan's first claim has no merit. The eight prospective jurors that he complains about stated unequivocally that they could not vote for guilty of first-degree murder if death were a possible penalty. The questions and answers meet the test of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and the trial court properly excused these prospective jurors for cause.
Dougan relies on Grigsby v. Mabry, 569 F. Supp. 1273 (E.D.Ark. 1983), in making his second and third claims. In Grigsby a federal district court found the same arguments that Dougan makes to have merit and granted one petitioner a new trial. The eighth circuit has now affirmed, with slight modifications, the district court's conclusions. Grigsby v. Mabry, 758 F.2d 226 (8th Cir.1985). The fifth circuit has considered and rejected similar claims, stating: "The state as well as the accused enjoys a right to an impartial jury[;]" and "a cross-section of the fair and impartial is more desirable than a fair cross-section of the prejudiced and biased." Smith v. Balkcom, 660 F.2d 573, 579, 583 (5th Cir.1981), cert. denied, 459 U.S. 882, 103 S.Ct. 181, 74 L.Ed.2d 148 (1982). This Court has reached similar conclusions on similar claims.[1]E.g., Caruthers v. State, 465 So.2d 496 (Fla. 1985); Copeland v. State, 457 So.2d 1012 (Fla. 1984); Engle v. State, 438 So.2d 803 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984); Steinhorst v. State, 412 So.2d 332 (Fla. 1982); Jackson v. State, 366 So.2d 752 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Riley v. State, 366 So.2d 19 (Fla. 1978). See Herring v. State, 446 So.2d 1049, 1055 (Fla. 1984) ("It would make a mockery of the jury selection process to ... allow persons with fixed opinions to sit on juries."). And both this Court (Dobbert v. State, 409 So.2d 1053 (Fla. 1982)) and the eleventh circuit (Dobbert v. Strickland, 718 F.2d 1518 (11th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 3591, 82 S.Ct. 887 (1984)) have rejected a similar claim regarding peremptory challenges of death-scrupled prospective jurors. That one federal circuit court may have supported Dougan's claims does not persuade us to do likewise. We find these claims to be without merit.
We have found no reversible error in the guilt phase of Dougan's trial. Our review of the record shows his conviction to be supported by competent substantial evidence. We therefore affirm his conviction of first-degree murder.
*701 Turning to the sentencing portion of the trial, however, we hold that Dougan must be given a new sentencing proceeding before a new jury.
Dougan and three other men had been indicted for another murder, other than the one involved in the instant case. At the sentencing hearing the state read that second indictment into the record, and one of Dougan's co-indictees testified that he and two other men had committed the second murder at Dougan's direction. Dougan's attorney objected and argued strenuously against allowing this material into evidence. Relying on Sawyer v. State, 313 So.2d 680 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976), the trial court overruled the defense's objections. Additionally, in arguing to the jury the state attorney said that the indictment and the witness' testimony had been introduced for the sole purpose of aggravating Dougan's sentence.
There are two reasons why the trial court should have sustained Dougan's objection. First, the only purpose of an indictment is to apprise a defendant of the charge against him. Drozewski v. State, 84 So.2d 329 (Fla. 1955). An indictment or information is not evidence against an accused, but, rather, is nothing more or less than the vehicle by which the state charges that a crime has been committed. The standard jury instructions point this up in the pretrial instructions by stating that the charging document is not evidence and that the jury is not to consider it as any proof of guilt.
Second, although Dougan had been indicted for another crime at the time of the sentencing proceeding, he had not been convicted of that crime. In fact, the state subsequently nolle prossed that second charge against Dougan. Subsection 921.141(5)(b), Florida Statutes (1983), reads as follows: "The defendant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person." (Emphasis added.) The plain language of subsection (5)(b) precludes considering mere arrests or accusations as aggravating factors; only convictions of violent felonies may be used. Odom v. State, 403 So.2d 936 (Fla. 1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982); Perry v. State, 395 So.2d 170 (Fla. 1980); Provence v. State, 337 So.2d 783 (Fla. 1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977).[2]
The trial court, therefore, erred in allowing the state to present and argue to the jury the second indictment. We cannot tell how this improper evidence and argument may have affected the jury. We therefore vacate Dougan's sentence and remand for another complete sentencing hearing before a new jury. Elledge v. State, 346 So.2d 998 (Fla. 1977). See Teffeteller v. State, 439 So.2d 840 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1430, 79 L.Ed.2d 754 (1984); Maggard v. State, 399 So.2d 973 (Fla.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981).
Even though we are remanding for a new sentencing hearing, some comments about the trial court's instant sentencing order are warranted because of the erroneous application of several aggravating factors and the failure to consider statutory and nonstatutory mitigating evidence. In discussing subsection 921.141(5)(a) (under sentence of imprisonment) the trial court stated: "The two criminal contempt convictions of defendant Dougan are aggravating circumstances without even considering the murder charge which was nolle prossed after his original sentence here." This Court has never held, and we refuse to do so now, that two former nonspecified contempts constitute being under sentence of imprisonment so *702 as to be applicable in aggravation. The trial court also improperly considered these "convictions" under subsection (5)(b) (prior conviction of violent felony) as "more an aggravating than mitigating circumstance." In White v. State, 403 So.2d 331, 337 (Fla. 1981), cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983), we stated that "a person may not be condemned for what might have occurred. The attempt to predict future conduct cannot be used as a basis to sustain an aggravating circumstance." (Emphasis in original.) In finding the applicability of subsections (5)(c) (great risk of death to many people)[3] and (5)(g) (disrupt or hinder governmental function or enforcement of the law) the trial court did just what White prohibits and used speculation to support these aggravating factors. We therefore find that the state did not establish the factors listed in subsections (5)(a), (b), (c), and (g) beyond a reasonable doubt in the original sentencing hearing and that the trial court erred in applying these aggravating circumstances to Dougan.
We affirm Dougan's conviction of first-degree murder, but vacate his sentence and remand for a new sentencing hearing with a new jury.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in the conviction, but dissents from the sentence.
NOTES
[1] At least one district court of appeal has also considered and rejected a claim very similar to Dougan's. Nettles v. State, 409 So.2d 85 (Fla. 1st DCA), review denied, 418 So.2d 1280 (Fla. 1982).
[2] The state argues, on this point and several others, that we should apply the case law extant at trial or when this case was first appealed rather than the case law currently in use. We disagree because, as a general rule, the law in effect at the time of an appeal is the law that should be applied. Lowe v. Price, 437 So.2d 142 (Fla. 1983); Wheeler v. State, 344 So.2d 244 (Fla. 1977), cert. denied, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979).
[3] The state concedes error in finding this aggravating factor.