400 So.2d 5 (1981)
Raleigh PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 55841.
Supreme Court of Florida.
June 4, 1981.
*6 Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Having been convicted of first-degree murder for the slaying of Harry G. Walrath and Margaret Ann Walrath, Raleigh Porter was sentenced to death. This Court has jurisdiction.[*] We affirm the convictions but reverse the sentence because of procedural error.
The sufficiency of the evidence to sustain the convictions has not been raised. We have, however, carefully reviewed it. That review clearly discloses that Porter broke and entered the home of Mr. and Mrs. Walrath, a retired elderly couple living the remaining years of their lives together in Charlotte County, Florida. Inside their home Porter encountered the Walraths, whereupon he struck and beat them. Thereafter he strangled them with an electrical cord. Their car and goods taken from their home were later linked to Porter. Porter voluntarily made incriminating statements. The evidence is sufficient to find that Porter caused the Walrath's deaths while he was engaged in the crime of robbery.
There was a large amount of publicity surrounding this crime. Apprehensive of its effect on the grand jury (which had been empaneled prior to the commission of this crime), counsel for the defendant sought the right to voir dire the grand jury. His motion asked permission to question the individual jurors regarding their legal qualification, to inquire into the state of mind of the jurors to discover whether there were any facts that would prevent the grand jury from acting impartially and without prejudice to the rights of the defendant, and to determine whether the jurors knew that a sentence of death might be imposed if the defendant were convicted of the offense sought to be charged by indictment. The trial judge denied that motion. After an indictment was returned the appellant moved to quash the indictment on several grounds, one of which was the judge's refusal of the requested voir dire examination. This also was denied. Appellant contends error was committed by denying these motions. This is not so.
Section 905.04(1)(b), Florida Statutes (1977), provides that a person who has been held to answer may challenge an individual prospective grand juror on the ground that the juror has a state of mind that will *7 prevent him from acting impartially and without prejudice to the substantial rights of the party challenging. Section 905.05, Florida Statutes (1977), allows a belated right to challenge the grand jury to a person who did not know at the time the grand jury was empaneled that he was subject to grand jury action. These statutes are an extension of prior law which had limited challenges of grand jurors to the time of empanelment and on the grounds of legal qualifications. This Court, in sustaining the prior rule, made a point of the different roles of the grand jury and the petit jury. See, e.g., Lake v. State, 100 Fla. 373, 129 So. 827 (1930); Reed v. State, 94 Fla. 32, 113 So. 630 (1927). Although these statutes extend the grounds for challenge to a grand juror, no statute or rule provides for voir dire examination of a grand juror after the grand jury is empaneled. The difference between the roles of the grand jury, to investigate and accuse, and that of a petit jury, to find facts, supplies a basis to provide voir dire for petit jurors but to omit it for grand jurors.
Porter did not file a motion to challenge a juror or jurors in this cause. His motion was to voir dire the grand jury to determine if he had a basis to so challenge. Later he filed a motion to dismiss the indictment because he could not voir dire the jury.
The State of Maine apparently would allow voir dire in certain exigent situations. See State v. Warren, 312 A.2d 535 (Me. 1973). Even if Florida were to follow the direction of Maine, which we do not feel we should do in the absence of a statute or a rule, the exigent circumstances that authorize voir dire in Maine do not exist in this case, just as they did not in Warren.
No error was shown in the composition of this grand jury nor was there error in disallowing the voir dire examination of the grand jury. The indictment was valid.
We next turn our attention to the sentencing phase of this case. The trial jury recommended a life sentence following a sentencing hearing, but the trial judge, finding three aggravating circumstances and no mitigating circumstances, imposed the death sentence. The first two aggravating points were that the felonies were committed for pecuniary gain and for the purpose of avoiding or preventing lawful arrest. A substantial portion of the basis for these findings was the testimony of an acquaintance of the appellant, Larry Schapp. The difficulty lies in the fact that the critical findings did not come from Schapp's trial testimony, but rather from testimony he had given in a deposition. The trial judge never advised the appellant of his intention to utilize the deposition and never afforded the appellant an opportunity to rebut, contradict, or impeach the deposition testimony.
In Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), the United States Supreme Court reminded us that the sentencing process, as well as the trial itself, must satisfy the requirements of the due process clause. Gardner held that using portions of a presentence investigation report without notice to the defendant and without an accompanying opportunity afforded to the defendant to rebut or challenge the report denied due process. That ruling should extend to a deposition or any other information considered by the court in the sentencing process which is not presented in open court. Should a sentencing judge intend to use any information not presented in open court as a factual basis for a sentence, he must advise the defendant of what it is and afford the defendant an opportunity to rebut it.
In the instant case the trial judge sentenced Porter to death, relying in part on information concerning appellant's alleged discussion of a plan to select newly arrived residents, steal their automobiles, and, if necessary, kill them. These facts were not proved at trial. Neither Porter nor his counsel was advised that this information, gleaned from the deposition, was going to be used. By proceeding in this manner, the trial judge deprived Porter of due process of law.
*8 This Court is not saying that there is an insufficient basis in the record to sustain the judge's imposition of the death penalty. There may very well be, notwithstanding the jury's recommendation of a life sentence. We are not making a substantive determination of what the proper sentence should be.
The convictions are affirmed. The sentences are vacated, however, and this cause is remanded to the trial judge for resentencing in accordance with the guidelines and directions expressed herein.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., concurs specially with an opinion.
ADKINS, J., concurs as to conviction and dissents as to sentence.
ALDERMAN, Justice, concurring specially.
I agree with the majority opinion. I concur specially, however, to point out that here the facts as found by the trial court suggesting a sentence of death are so clear and convincing that no reasonable person could differ. Tedder v. State, 322 So.2d 908 (Fla. 1975). The only basis for the jury recommendation of life was the vivid and lurid description of an execution by electrocution permitted by the court, without objection by the State, to be read to the jury by defense counsel. In its sentencing order, the trial court expressly recognized that the jury was affected by this evidence which should never have been admitted. The State should have objected to this evidence, and the court should have sustained the objection and not allowed this highly inflammatory description to be read to the jury. We have recently ruled that such a description of the electrocution process is not relevant and should be excluded. In Shriner v. State, 386 So.2d 525, 533 (Fla. 1980), we said:
Equally meritless is the contention that it was error to exclude the testimony of a priest who had witnessed an execution by electrocution. While it is settled that an advisory jury and trial judge may consider evidence of mitigating factors beyond those enumerated in section 921.141(6), Florida Statutes (1977), the evidence must be relevant to the sentencing inquiry. We do not believe that a descriptive account of an electrocution would aid the jury or judge in their effort to apply section 921.141 fairly and correctly. Indeed, such evidence would more likely serve to distort and obfuscate the sentencing process. [Footnote omitted.]
The only reason for remanding this case for resentencing by the trial judge is to give the defendant an opportunity to rebut the deposition testimony of Larry Schapp.
NOTES
[*] Art. V, § 3(b)(1), Fla. Const.