478 So.2d 33 (1985)
Raleigh PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 67805.
Supreme Court of Florida.
October 25, 1985.
*34 Douglas J. Chumbley of Kimbrell & Hamann, Miami, for appellant.
Jim Smith, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Raleigh Porter, a state prisoner under a current death warrant, appeals the trial court's denial without evidentiary hearing of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Porter also seeks a stay of execution. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution. We affirm the trial court's denial of relief and deny the requested stay.
A jury convicted Porter of the first-degree murder of an elderly couple in their home and recommended that he be sentenced to life imprisonment. The trial court, however, disagreed with that recommendation and imposed two death sentences. On appeal this Court affirmed the convictions, but remanded for resentencing because of an irregularity in the original sentencing. Porter v. State, 400 So.2d 5 (Fla. 1981). On remand the trial court again sentenced Porter to death, which we affirmed. Porter v. State, 429 So.2d 293 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983). The governor subsequently signed Porter's death warrant, and Porter sought relief in the trial court.
Porter raised the following issues in his 3.850 motion: 1) ineffective assistance of trial and resentencing counsel by failing to develop and present mitigating evidence; 2) trial counsel's conflict of interest; 3) allowing a prejudiced grand juror to serve; 4) no finding that Porter specifically intended to kill the victims; 5) jury qualification creates pro-prosecution, conviction-prone, unrepresentative juries; 6) "heinous, atrocious, or cruel" is an unconstitutional aggravating factor; 7) unconstitutionality of the felony-murder aggravating factor being applied to a felony murder; 8) electrocution is cruel and unusual punishment; 9) trial court improperly overrode jury's recommendation; 10) arbitrary application of *35 the death penalty; and 11) insufficiency of the evidence to support both felony murder and the underlying felony. After hearing each side's argument, the trial court denied the motion for an evidentiary hearing along with all other requested relief. Porter now claims that the trial court erred by not holding an evidentiary hearing on his 3.850 motion and by not granting the sought-after relief.
This Court has emphasized that trial courts should grant evidentiary hearings on 3.850 motions when warranted. Jones v. State, 446 So.2d 1059 (Fla. 1984). When the motion conclusively shows that the movant is entitled to no relief, however, the court may deny the motion without an evidentiary hearing. Middleton v. State, 465 So.2d 1218 (Fla. 1985). Our review of this record reveals no error by the trial court.
Porter's first point raises the spectre of ineffective assistance of counsel. The United States Supreme Court set the standard on that subject in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Porter's presentation to the trial court fails to meet even the first part of the Strickland test. Porter's current attorneys produced affidavits from family members and others describing Porter's earlier life and problems, school records, and psychological evaluations, as well as other items, to support their contention that his previous counsel had rendered substandard assistance by not presenting this material at trial and resentencing. Neither we nor the trial court, however, can overlook trial counsels' success in securing a jury recommendation of life imprisonment without this material. Also, in denying relief the trial court pointed out that Porter's resentencing counsel filed a witness list that contained the name of Porter's mother, presumably in anticipation of presenting the instant or similar mitigating evidence. Porter's mother did not testify, however, and the trial court, being familiar with that attorney, stated "following such an obvious awareness of the possibility of that form of mitigating evidence and circumstance,... the failure to produce it [Mrs. Porter's testimony] then [at resentencing] was a result of the considered and ... [tactical] decision as opposed to one of negligence." We agree.
In overriding the jury's recommendation the trial judge stated his conviction that the jury had been unduly influenced by the lurid description of an electrocution. We upheld his refusal to be swayed by such a presentation. 429 So.2d at 296. The current speculation that informing the judge and jury of Porter's long history of juvenile delinquency and drug abuse would have mitigated the sentence is merely that, speculation. It is at least as likely that introducing this material would have damaged Porter as that it would have helped him. We hold, therefore, that on its face the claim of ineffective assistance of counsel showed no grounds for relief.
The remainder of Porter's points could have been, should have been, or were raised on direct appeal. They are not, therefore, cognizable on collateral attack. Sireci v. State, 469 So.2d 119 (Fla. 1985); Smith v. State, 457 So.2d 1380 (Fla. 1984). A few words on these points are in order, however.
The claim that one of Porter's trial counsel labored under a conflict of interest is belied by the record. No meaningful conflict of interest impeded Porter's counsel. C.f. Webb v. State, 433 So.2d 496 *36 (Fla. 1983). Counsel acted quickly to withdraw from the representation of the witness who had been charged with a crime completely unrelated to the events of this homicide. That witness testified as to statements that Porter made to him while in jail. Counsel cross-examined him, and there is no indication that the prior representation limited that cross examination. This witness' testimony was at the most cumulative to that of others regarding Porter's admissions of the crime. The trial court did not err in failing to hold an evidentiary hearing on this issue.[*]
We also find no error in not holding a hearing regarding Porter's attack on one of the grand jurors. On appeal Porter argued error in the trial court's denying his motion to voir dire the grand jury "regarding their legal qualification, to inquire into the state of mind of the jurors to discover whether there were any facts that would prevent the grand jury from acting impartially and without prejudice." Porter, 400 So.2d at 6. Now, Porter claims he has recently discovered that one juror was married to a relative of the victims and, therefore, should not have served on the grand jury.
A grand jury determines the state's ability to bring someone to trial; another jury determines guilt or innocence. An attack on a grand jury indictment because of the qualifications of the grand jurors must be made before a verdict is rendered on that indictment. See § 905.05, Fla. Stat. (1983); State v. Silva, 259 So.2d 153 (Fla. 1972); Frazier v. State, 107 So.2d 16 (Fla. 1958). Failure to challenge a grand jury at the proper time under the statute results in a waiver. Seay v. State, 286 So.2d 532 (Fla. 1973), cert. denied, 419 U.S. 847, 95 S.Ct. 84, 42 L.Ed.2d 77 (1974). This issue has not been timely raised.
Addressing the remaining points in summary fashion, Porter's reliance on Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), is totally misplaced because Porter actually killed these victims. We have rejected the death-qualified jury claim before, Dougan v. State, 470 So.2d 697 (Fla. 1985); Witt v. State, 465 So.2d 510 (Fla. 1985), and refuse to revisit it. We likewise refuse to revisit electrocution as cruel and unusual punishment (Medina v. State, 466 So.2d 1046 (Fla. 1985); Booker v. State, 397 So.2d 910 (Fla.), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981)); arbitrary and capricious application of the death penalty (Sullivan v. State, 441 So.2d 609 (Fla. 1983)); and vagueness and overbreath of aggravating circumstances (see Medina v. State; Peavy v. State, 442 So.2d 200 (Fla. 1983)). We also point out that we considered the sufficiency of the evidence and the application of Tedder v. State, 322 So.2d 908 (Fla. 1975), on Porter's direct appeals.
We find no error in the trial court's ruling here. Therefore, we affirm the trial court's denial of an evidentiary hearing and of the requested relief. We deny the application for stay of execution.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] United States v. Martinez, 630 F.2d 361 (5th Cir.1980), cert. denied, 450 U.S. 922, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981), is easily distinguished. In Martinez defense counsel represented two persons charged in the same criminal episode; at one client's trial counsel complained and objected to the other one, his former client, testifying and counsel advised the court that he could not meaningfully cross-examine his former client without violating the confidences learned through the client-attorney relationship.