478 So.2d 346 (1985)
Ronnie L. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 67835.
Supreme Court of Florida.
November 4, 1985.
Theodore Klein and Ervin A. Gonzalez of Fine, Jacobson, Schwartz, Nash, Block and England, Miami, for appellant.
Jim Smith, Atty. Gen. and Richard Doran and Randi Klayman Lazarus, Asst. Attys. Gen., Miami, for appellee.
PER CURIAM.
Jones was convicted on three counts of first-degree murder, burglary, robbery, carrying a concealed firearm, and unlawful possession of a firearm while engaged in a felony. He was sentenced to death following a jury recommendation that death be imposed. This Court affirmed the convictions and sentences. Jones v. State, 449 So.2d 253 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984). Sitting as the Board of Executive Clemency on September 12, 1985, the Governor and Cabinet determined there was no basis for clemency. On October 8, 1985, the Governor signed a death warrant effective for the weeks of October 29 through November 5, 1985. On October 30, 1985, Jones filed a Florida Rule of Criminal Procedure 3.850 motion and a request for a stay of the death warrant with the trial court which the court denied without holding an evidentiary hearing. Jones now appeals this denial of an evidentiary hearing. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution and previously granted a stay of execution.
We have previously held that trial courts should grant evidentiary hearings on 3.850 motions unless the motion, files, and records conclusively show that the prisoner is entitled to no relief. Porter v. State, 478 So.2d 33 *347 (Fla. 1985); Middleton v. State, 465 So.2d 1218 (Fla. 1985); Jones v. State, 446 So.2d 1059 (Fla. 1984). The gist of Jones's claim is that he was incompetent to stand trial. In support, Jones has filed affidavits from his lawyers opining that he was incompetent to stand trial and from various doctors opining that he suffers from organic brain damage and was and is incompetent to stand trial. The state urges that these affidavits are refuted by the trial record which shows that Jones was competent to stand trial and that the trial court did not err in denying the motion without an evidentiary hearing. Whatever the ultimate merits of the respective positions, we do not agree that the motion, files, and records conclusively show that Jones is not entitled to any relief. We reverse and remand with instructions that Jones be granted an evidentiary hearing.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.