489 So.2d 737 (1986)
Davidson J. JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 68476.
Supreme Court of Florida.
June 12, 1986.
*738 Larry Helm Spalding, Capital Collateral Representative, and Steven H. Malone, Sr. Asst., St. Petersburg, for appellant.
Jim Smith, Atty. Gen. and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
James appeals a trial court's denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850. We affirm the trial court's order and deny James' application for stay of execution.
James is a state prisoner under sentence of death. We have previously affirmed his conviction and sentence. James v. State, 453 So.2d 786 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984). The governor signed James' death warrant in February 1986, and we subsequently denied James' petition for writ of habeas corpus. James v. Wainwright, 484 So.2d 1235 (Fla. 1986). Thereafter, James filed a 3.850 motion with the trial court, the denial of which prompted this appeal.
In this appeal James raises seven issues. Several of these issues should have been raised, if at all, on appeal and are not cognizable in post-conviction relief proceedings.[1]Porter v. State, 478 So.2d 33 (Fla. 1985). Besides the issues that we do not address here, James claims that (1) his expert witness, a psychologist, was incompetent for not diagnosing him (James) as having organic brain damage which made him incompetent to stand trial and (2) his trial counsel rendered ineffective assistance by not developing more evidence about James' past life and his family, economic, and emotional problems.
James seeks to utilize a two-step process to raise his competency to stand trial. He first contradicts the opinion of his original psychologist and then tries to equate a subsequent psychologist's opinion that he probably suffers an organic brain damage syndrome with his belated claim of incompetency. According to the proffered reports of the two psychologists, James was first examined at the request of his defense counsel in anticipation of his trial. The original psychologist concluded that James functioned intellectually within the bright normal range of intelligence and was fairly literate. He noted an underlying paranoid disturbance which resulted in James' being suspicious and distrustful of *739 others and concluded that James would act in a fairly decisive and impulsive manner.
James' newly acquired psychologist, Hanz Krop, opines that the first psychologist utilized antiquated testing procedures and suggests that some other tests should have been performed. Krop, after recently testing James, opines that James probably has some organic brain damage. His report falls short of stating that James was incompetent to stand trial. He does assert that the organic disorder probably seriously impaired James' ability to assist his attorney at the time of trial. Even if true, however, diminished capacity is not equivalent to being incompetent to stand trial. James' suspicious character and his disinclination to follow his lawyer's recommendation on how to prepare and conduct a defense are not equivalent to being incompetent to stand trial. "Some" impairment in the ability to assist counsel falls below the standard of inability to assist and participate in trial. The original psychologist's report clearly reveals an ability, but perhaps a disinclination, to assist. Dr. Krop's report and analysis as proffered are insufficient to contradict substantially the original psychiatric study and, even if they did, are insufficient to raise the issue of incompetence to stand trial.
We have previously considered claims similar to the instant "organic brain damage" issue. In Jones v. State, 478 So.2d 346 (Fla. 1985), we remanded for an evidentiary hearing because Jones' 3.850 motion, the files, and records did not conclusively show that Jones was not entitled to relief. We did not relate the facts in Jones, but the record discloses that Jones had a long psychiatric history and that he made a strong preliminary showing of incompetence. On the other hand, we rejected a similar claim in Witt v. State, 465 So.2d 510 (Fla. 1985), because the motion and record conclusively demonstrated that Witt was not entitled to relief. The possibility of organic brain damage, which James now claims he has, does not necessarily mean that one is incompetent or that one may engage in violent, dangerous behavior and not be held accountable. There are many people suffering from varying degrees of organic brain disease who can and do function in today's society. We therefore find no merit to this issue.[2]
We likewise find no merit to the issue alleging ineffective assistance of trial counsel. Had trial counsel presented the character evidence and personal history presented now, the door would have been opened for the state to explore the details of James' criminal record,[3] which extended back to his early years, or, possibly, to have elicited the fact that James beat his wife. It is inconceivable that, overall, the evidence presented now would have swayed the jury and the trial court in James' favor. We hold, therefore, that James has failed to demonstrate the substandard performance of counsel and the prejudice required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We affirm the trial court's denial of relief and deny the request for stay of execution.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[1] These issues include: no. IV, failure of state to provide defense with evidence; no. V, validity of prior conviction to support aggravating circumstance; no. VI, excusal of blacks from jury through use of peremptory challenges; and no. VII, racially discriminatory imposition of death penalty. We have previously considered and rejected this last claim, see Tafero v. State, 459 So.2d 1034 (Fla. 1984), and refuse to reconsider it now. As to the claim regarding peremptory challenges of black prospective jurors, James did not make the record on appeal required by State v. Neil, 457 So.2d 481 (Fla. 1984), and there is no foundation for his making this claim.
[2] James relies on Hill v. State, 473 So.2d 1253 (Fla. 1985), wherein we vacated Hill's conviction and sentence and remanded for a competency hearing. Hill, however, is factually distinguishable and is inapplicable to the instant case.
[3] Between the ages of 14 and 30 James spent 12 1/2 years in prison or a prison setting.