505 So.2d 409 (1987)
John Earl BUSH, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
John Earl BUSH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 68617, 68619.
Supreme Court of Florida.
February 26, 1987.
Rehearing Denied May 8, 1987.
*410 Larry Helm Spalding, Capital Collateral Representative Mark E. Olive, Litigation Director and Billy H. Nolas, Staff Atty., Office of Capital Collateral Representative, Tallahassee, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for respondent/appellee.
PER CURIAM.
John Earl Bush, a day before his scheduled execution on April 22, 1986, filed in the circuit court a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 and a motion for stay of execution, and in this Court filed a petition for a writ of habeas corpus and a stay of execution. The circuit court denied all relief without an evidentiary hearing. This Court granted a stay of execution on April 21 in order to allow a careful review and consideration of certain claims raised in Bush's appeal of the circuit court's denial of his 3.850 motion and his petition for habeas corpus. We have exercised our jurisdiction under article V, section 3(b)(1) and (9), Florida Constitution, and now find Bush entitled to no relief.
Bush was convicted in November, 1982 of first-degree murder, armed robbery, and kidnapping. A jury recommended the imposition of a sentence of death, and Bush was so sentenced. We affirmed the conviction and sentence in Bush v. State, 461 So.2d 936 (Fla. 1984), cert. denied, ___ U.S. ___, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986). On March 20, 1986, the governor signed a warrant authorizing Bush's execution, and Bush sought relief in the circuit court.
We shall first examine the claims raised in the 3.850 motion. Of the seven claims raised therein, the last four either were or could have been considered on direct appeal and are therefore now barred from consideration. Porter v. State, 478 So.2d 33 (Fla. 1985); O'Callaghan v. State, 461 So.2d 1354 (Fla. 1984). We now examine 1) whether Bush was prejudiced by a "professionally inadequate" psychiatric evaluation which failed to disclose his alleged incompetency to stand trial, 2) whether Bush was in fact tried while incompetent, and 3) whether counsel at trial rendered ineffective assistance within the terms of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The first two issues raised above must fall together, as each lacks a crucial foundation in fact  any indication of Bush's incompetency to stand trial. Before trial below, the defense moved for the appointment of a psychiatric expert in order to evaluate the defendant's competency and the possible applicability of any mitigating factors. After consulting with the defense, the expert and counsel concluded that further examination would produce no useful information. We cannot find error in this tactical consensus reached by those parties most intimately involved with Bush and his defense. Since defense counsel was bound to seek out such expert testimony only if evidence existed calling into question Bush's sanity, Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); Christopher v. State, 416 So.2d 450 (Fla. 1982), we cannot now find fault in counsel's decision as to the futility of pursuing the incompetency claim. As noted by the United States Supreme Court in Ake, "[a] defendant's mental condition is not necessarily at issue in every criminal proceeding." 105 S.Ct. at 1096.
We find no error under the circumstances of this case. Absolutely no evidence existed at the time of trial that Bush lacked "sufficient present ability to consult with and aid his attorney in the preparation of a defense with a reasonable degree of understanding." Ferguson v. State, 417 So.2d 631, 634 (Fla. 1982). A review of the original record reflects no evidence that Bush was incompetent to stand trial. Further, the long psychiatric history indicating incompetency pointed to in Jones v. State, 478 So.2d 346 (Fla. 1985), and Hill v. State, 473 So.2d 1253 (Fla. 1985), is absent in this case, and the report prepared by a newly *411 appointed psychiatric expert offers only weak support to Bush's claims. The numerous psychological problems now pointed out, such as learning disabilities, a passive and dependent personality, and possible "diffuse organic brain damage" do not, when taken together, sufficiently raise a valid question as to Bush's competency to stand trial. See James v. State, 489 So.2d 737 (Fla.) cert. denied, ___ U.S. ___, 106 S.Ct. 3285, 91 L.Ed.2d 574 (1986). We therefore reject the first two claims.
In turning to the claim of ineffective assistance of trial counsel, we scrutinize the alleged inadequacies under the test set forth in Strickland. Bush alleges that counsel was ineffective in, inter alia, failing to use the psychiatrist in compiling evidence of the defendant's mental incompetency, failing to file a number of pre-trial suppression motions, and failing to object to certain aspects of the proceedings at several stages of the trial. The test is set forth as follows:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
104 S.Ct. at 2064. Upon careful review, we determine that none of the alleged omissions in this case fall "outside the wide range of professionally competent assistance." Id. at 2066. The claimed errors of counsel involve either strategies which would have been unsupported by the record, such as the mental incompetency claim disposed of above, or actions pursued following sound strategies of the defense. The fact that these strategies resulted in a conviction augurs no ineffectiveness of counsel. Songer v. State, 419 So.2d 1044 (Fla. 1982). In sum, we find no deficient performance prejudicing Bush, Knight v. State, 394 So.2d 997 (Fla. 1981), and so reject this claim.
Finally, we turn to the claim of ineffective assistance of appellate counsel raised in Bush's petition for a writ of habeas corpus. Prejudice resulted, it is argued, when appellate counsel failed to raise the alleged unconstitutionality of a lineup identification obtained in the absence of defense counsel after arraignment.
In Knight, we required a showing that the alleged deficiency, "considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings." 394 So.2d at 1001. No such prejudice exists when the argument is considered in light of the case's facts.
Bush never contested his participation in the crime, only the extent and nature of his involvement. Because the identification served only to link him to the crime, and this link had already been established by his admission, suppression of the lineup identification would not have materially aided his defense. We can perceive no ineffectiveness in appellate counsel's declining to dilute any more valid issues upon appeal by advocating this tangential point which, even if accepted, would not change the result in the case.
Finding no basis for relief in Bush's motions for post-conviction relief, we affirm the trial court's denial of his 3.850 motion to vacate the judgment and sentences and deny the petition for writ of habeas corpus. The previously granted stay of execution is vacated.
It is so ordered.
McDONALD, C.J., OVERTON, EHRLICH and SHAW, JJ., and ADKINS, J. (Ret.), concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, concurring specially.
I concur in the majority's denial of habeas corpus relief.
*412 I concur in result only in the majority's affirmance of the trial court's summary denial of defendant's motion under Rule 3.850. While I agree that most of the issues raised were not cognizable on a motion for post-conviction relief, I do not agree with the majority's treatment of Bush's claims of ineffective assistance of counsel and incompetency at the time of trial.
There are only three possible dispositions available to a trial judge in ruling on a 3.850 motion: (1) The judge may deny the motion because it is insufficient as a matter of law to support the defendant's claims; (2) The judge may deny the motion if the claims are conclusively refuted by the record, but must attach those portions of the record which conclusively refute the allegations; (3) The judge must grant an evidentiary hearing to resolve any legitimate factual claims that are not conclusively refuted by the record.
In this case, I do not believe the defendant has met his burden of alleging facts which would support a claim for relief. Bush's allegations of ineffective assistance of counsel do not meet the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), nor are there sufficient allegations to support the claim of incompetency. At best, Bush alleges that an expert would testify that based upon a current evaluation "Bush's borderline scores in regard to intellectual functioning as well as his apparent learning disability would indicate a possibility of incompetence during the time of his trial." This falls short, in my view, of adequately raising the factual question of Bush's incompetency to stand trial, and therefore the motion was correctly denied as a matter of law. See James v. State, 489 So.2d 737 (Fla.), cert. denied, ___ U.S. ___, 106 S.Ct. 3285, 91 L.Ed.2d 574 (1986).
My reasons for departing from the majority's analysis are threefold. By making "findings of fact" from a "review of the record," the majority suggests that sufficient factual allegations were contained in the motion and that in the face of adequately pled factual allegations this Court should "suspend" the requirements of Rule 3.850 to either append the pertinent portions of the record or grant an evidentiary hearing.
First, as I previously stated, I do not think this case involves that portion of the rule which pertains to the necessity for factual findings either from the record or from an evidentiary hearing.
Second, if this were a case which presented any legitimate factual issues, they should be resolved by the trial court. I cannot fault reviewing the record as an extra precaution when the motion does not require it. However, when the motion does require looking at the record, appellate review should not serve as a substitute for the trial court's initial review. I do not believe that as a reviewing court, we should arrogate the function of fact-finding.
Lastly, in reviewing a record a court cannot reach conclusions unsupported by that record. In this instance, the majority did so. To cite but one example, the majority finds that:
After consulting with the defense, the expert and counsel concluded that further examination would produce no useful information.
There was no evidentiary hearing in this case. Neither trial counsel nor the psychiatric expert consulted by defense counsel presented any testimony. I am at a loss as to how the majority could possibly have reached this factual conclusion.
Because I believe Bush's allegations to be legally insufficient, the trial judge correctly denied Bush's motion for post-conviction relief. However, when the allegations are legally sufficient to create a factual dispute, I believe trial courts should resolve such disputes either from the record or from an evidentiary hearing. Reviewing courts should then review trial court decisions under the clearly established standards of appellate review.