682 So.2d 85 (1996)
John Earl BUSH, Appellant,
v.
STATE of Florida, Appellee.
No. 89118.
Supreme Court of Florida.
October 16, 1996.
*86 Stephen M. Kissinger, Chief Assistant CCR, Office of the Capital Collateral Representative, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Richard B. Martell, Chief, Capital Appeals, Tallahassee; and Celia A. Terenzio, Assistant Attorney General, West Palm Beach, for Appellee.
PER CURIAM.
John Earl Bush appeals an order entered by the trial court below pursuant to Florida Rule of Criminal Procedure 3.850. He also files an emergency application for extraordinary relief, motion for stay of execution, petition for writ of mandamus, and petition for prohibition. We have jurisdiction. Art. V, § 3(b)(1), (7), (8), Fla. Const.
Bush was charged with the 1982 first-degree murder, armed robbery, and kidnapping of Frances Slater. When Bush committed the crimes, he was accompanied by J.B. Parker, Alphonso Cave, and Terry Wayne Johnson. The four of them drove in Bush's car to a convenience store in Stuart, Florida, where they robbed the store and abducted the sales clerk. After she was taken a distance of thirteen miles, the clerk was ordered out of the car. Bush then stabbed her, and, according to Bush, Parker shot her with Bush's gun. The cause of death was the gunshot wound. Bush disposed of the gun the next day.
Bush was convicted of all charges. The sentencing jury recommended the death penalty. The trial court found three aggravating circumstances[1] and no mitigating circumstances and imposed the sentence of death. Bush's conviction and sentence of death were affirmed. Bush v. State, 461 So.2d 936 (Fla. 1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986).
A warrant for Bush's execution was signed by the Governor in March of 1986, with execution scheduled for April 22, 1986. This Court granted a stay of execution to allow Bush to file a rule 3.850 motion for postconviction relief. The trial court denied Bush's postconviction motion, and this Court affirmed the trial court's denial and also denied *87 Bush's petition for writ of habeas corpus. Bush v. Wainwright, 505 So.2d 409 (Fla.), cert. denied, 484 U.S. 873, 108 S.Ct. 209, 98 L.Ed.2d 160 (1987).
Bush's second death warrant was signed in January of 1988, with execution scheduled for February 3, 1988. Bush filed a petition for writ of habeas corpus with the United States District Court for the Northern District of Florida, and the federal district court granted a stay of execution. The federal district court subsequently denied Bush's petition and issued a certificate of probable cause to appeal. The United States Court of Appeals for the Eleventh Circuit held Bush's federal proceedings in abeyance to allow Bush to pursue state habeas proceedings in this Court. We denied Bush's petition for habeas relief. Bush v. Dugger, 579 So.2d 725 (Fla. 1991). The Eleventh Circuit Court of Appeals then heard and affirmed the federal district court's denial of Bush's petition for federal habeas relief. Bush v. Singletary, 988 F.2d 1082 (11th Cir.1993), cert. denied, 510 U.S. 1065, 114 S.Ct. 705, 126 L.Ed.2d 704 (1994).
The Governor signed Bush's third death warrant on September 16, 1996, and execution is scheduled for Thursday, October 17, 1996, at 7 a.m. Bush filed a petition for writ of habeas corpus and emergency application for extraordinary relief and stay of execution with the Fourth District Court of Appeal, which were summarily denied. Bush v. Singletary, No. 96-03199 (Fla. 4th DCA Sept. 30, 1996). Bush then filed a petition for all writs jurisdiction and an emergency application for extraordinary relief, stay of execution, petition for writ of mandamus and petition for writ of prohibition with this Court, which were summarily denied on October 2, 1996. Bush v. State, 682 So.2d 1099 (Fla. 1996).
On October 11, 1996, Bush filed a rule 3.850 motion for postconviction relief with the trial court. The trial court held a hearing on October 14, 1996, and denied Bush's motion.
In this appeal, Bush points out that Parker and Cave were also sentenced to death for the murder while Johnson received a life sentence. However, Cave's sentence has been set aside, and he is scheduled for resentencing proceedings on November 15, 1996. Bush argues that should Cave receive a life sentence when there is some evidence that Cave admitted that he rather than Parker shot the victim, Bush's sentence would become disproportional. See Scott v. Dugger, 604 So.2d 465, 469 (Fla.1992) ("[I]n a death case involving equally culpable defendants, the death sentence of one codefendant is subject to collateral review under rule 3.850 when another codefendant subsequently receives a life sentence.").
We reject Bush's contention. At the outset, we know of no legal basis for staying Bush's third death warrant pending a subsequent penalty hearing for a codefendant. More importantly, however, is the fact that Bush played a predominant role in this crime. The four assailants drove in Bush's car, and Bush admitted that they intended to rob the store. While Bush's stab wound was not fatal, he nevertheless inflicted a two-inch wound in the victim's stomach. Bush himself said it was Parker, not Cave, who administered the fatal shot. Moreover, Bush had committed a prior violent felony at the time of the murder, whereas Cave had not done so. See Cave v. State, 476 So.2d 180 (Fla. 1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986). Therefore, even if Cave were to receive a life sentence, it could not be said that Bush's death sentence would be disproportional.
Bush also argues that his death sentence must be reversed because it was based on unconstitutionally obtained prior convictions for robbery and sexual battery, which were relied upon to establish the prior violent felony aggravator. See Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). He contends that because both Bush and a codefendant were represented by the same attorney in his robbery and sexual battery trial, a conflict of interest existed. He seeks to point out how he was prejudiced by the dual representation which continued to exist during his appeal.[2]
*88 After the current death warrant was signed, Bush filed a petition for writ of habeas corpus in the Fourth District Court of Appeal seeking to set aside his prior robbery and sexual battery convictions on the grounds of conflict of interest. That court denied the petition without opinion. Thereafter, Bush filed petitions in this Court seeking to set aside the prior convictions of robbery and sexual battery. Bush's petitions were subsequently denied by order of this Court. We decline to revisit this issue. This Court has no jurisdiction to set aside the robbery and sexual battery convictions that were affirmed by the Fourth District Court of Appeal.
In addition, Bush argues that he is entitled to relief because his sentencing jury was instructed with the then-standard jury instruction on the cold, calculated, and premeditated aggravating factor which this Court later held to be unconstitutionally vague in Jackson v. State, 648 So.2d 85 (Fla. 1994). In Jackson, we rejected a challenge to the aggravating factor itself but reasoned that the jury should receive a more expansive instruction in order to give content to this aggravating factor. It is clear, however, that this issue was not preserved in Bush's trial and not raised on direct appeal. Bush did file a pretrial motion to declare the aggravating factor of cold, calculated, and premeditated unconstitutionally vague. At trial Bush only argued that the standard jury instruction should not be given because the facts did not support the finding that the murder was cold, calculated, and premeditated. He never contended that the wording of the instruction was unconstitutionally vague and did not submit an alternate instruction. On appeal, he only argued that "[t]he aggravating circumstances in the Florida capital sentencing statute have been applied in a vague and inconsistent manner" and that the facts did not support a finding of this aggravating circumstance in his case. Therefore, his current argument is procedurally barred. As this Court explained in Crump v. State, 654 So.2d 545, 548 (Fla.1995):
Although the trial court gave the jury in 1989 the CCP instruction that has since been found unconstitutionally vague, see Jackson v. State, 648 So.2d 85 (Fla.1994), this claim is procedurally barred. Claims that the CCP instruction is unconstitutionally vague are procedurally barred unless a specific objection is made at trial and pursued on appeal. The objection at trial must attack the instruction itself, either by submitting a limiting instruction or by making an objection to the instruction as worded. See Walls v. State, 641 So.2d 381, 387 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 943, 130 L.Ed.2d 887 (1995).
Crump's objection at his 1989 trial to the CCP issue concerned the constitutionality of this aggravating factor and whether CCP applied to Crump's case. Although Crump argued on direct appeal that the instruction was unconstitutionally vague, the issue is procedurally barred because Crump did not submit a limiting instruction or object to the instruction as worded at trial.
See also Archer v. State, 673 So.2d 17, 19 (Fla.1996) ("Claims that the instruction on the cold, calculated, and premeditated aggravator is unconstitutionally vague are procedurally barred unless the defendant both makes a specific objection or proposes an alternative instruction at trial and raises the issue on appeal."), cert. denied, ___ U.S. ___, 117 S.Ct. 197, 136 L.Ed.2d 134 (1996). In any event, even if there were no procedural bar, the trial record demonstrates that the failure to give a more comprehensive instruction on the cold, calculated, and premeditated aggravator would have been harmless error. See Larzelere v. State, 676 So.2d 394 (Fla. 1996).
In his last argument, Bush contends that the Martin County Sheriff's Office and the Martin County State Attorney's Office have failed to fully respond to his public records request. However, at an earlier hearing, the trial judge had ruled that these offices had made proper disclosure and he reaffirmed that ruling at the hearing on the motion for postconviction relief. Bush has failed to show that such rulings were in error.
*89 We affirm the denial of Bush's motion for postconviction relief and deny his emergency application for extraordinary relief, petition for writ of mandamus, and petition for prohibition. By separate order, we have stayed Bush's execution to and including 7 a.m., Monday, October 21, 1996.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion.
NO MOTION FOR REHEARING WILL BE ALLOWED.
ANSTEAD, Justice, specially concurring.
I write separately only to comment on the claim made by the appellant under Jackson v. State, 648 So.2d 85 (Fla.1994). As the majority notes, we have imposed some stringent requirements for preserving a Jackson claim, including the requirement of a specific objection at trial to the instruction on the cold, calculated and premeditated aggravator, and the subsequent preservation of that claim on appeal. See Crump v. State, 654 So.2d 545, 548 (Fla.1995). Appellant did not raise the issue at trial or on appeal. Rather, appellant's claim was raised and rejected in a written pretrial motion:
The wording of subsection (i) [the cold, calculated and premeditated aggravator] is so vague, ambiguous and indefinite as to deprive the Defendant of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 9 and 16, of the Florida Constitution. There are no definitions for the terms of the Sections. Neither are there any Florida cases which define what the Section means. Aggravating circumstances must be established beyond a reasonable doubt before they may be considered by the jury in arriving at a decision.
While this motion and the subsequent argument thereon arguably present the same issue addressed in Jackson, it is apparent that the appellant has failed to clear the preservation and procedural hurdles established in Crump and our other decisions applying Jackson. In addition, the appellant did not specifically raise the denial of the pretrial motion discussed above in his subsequent appeal. Hence, appellant has not preserved this issue in accordance with this Court's decisions.
NOTES
[1] The aggravating circumstances were: (1) previous conviction of a felony involving the use of threat of violence to the person; (2) murder committed while engaged in robbery and kidnapping; and (3) murder committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification.
[2] Bush was convicted of robbery and sexual battery in 1974. His convictions and sentences were affirmed by the Fourth District Court of Appeal the following year. Bush v. State, 320 So.2d 504 (Fla. 4th DCA 1975), appeal dismissed, 330 So.2d 725 (Fla.1976).