**John Earl BUSH, Petitioner,**

v.

**Harry K. SINGLETARY, Respondent.**

No. 96–1212.

United States Court of Appeals, Eleventh Circuit.

Oct. 18, 1996.

Stephen M. Kissinger, Chief Assistant CCR, Tallahassee, FL, for petitioner.

Celia A. Terenzio, Asst. Attorney General, West Palm Beach, FL, for respondent.

Before KRAVITCH, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

## I. BACKGROUND

John Earl Bush, a Florida inmate under sentence of death, applies for permission to file a second habeas corpus petition challenging his 1982 death sentence for murder in the first degree. A detailed history of the case appears in *Bush v. Singletary*, 988 F.2d 1082, 1084–86 (11th Cir.1993). Bush's application is subject to 28 U.S.C. § 2244(b)(2) as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, tit. I (1996). The amended statute states:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Bush seeks permission to file a second federal habeas petition asserting three claims.

Bush's first claim (claim 1) is that the finding of the "cold, calculated, and premeditated" aggravating circumstance was constitutionally invalid in this case. (Petition at 21–27.)

Bush's second claim (claim 2) is that his death sentence is based upon the invalid aggravating circumstance of a "prior violent felony." His prior rape conviction is invalid, he alleges, because his counsel in the rape case was burdened by a conflict of interest, and therefore ineffective. (Petition at 28–44.)

Bush's third claim (claim 3) is that the Florida Supreme Court has not determined that his death sentence is proportional. This is so, Bush argues, because one of his co-defendants, Alphonso Cave, had his death sentence vacated in 1995, and is awaiting resentencing. Bush argues that the Florida Supreme Court cannot conduct a proportionality review without the record of Cave's resentencing. (Petition at 45–62.)

Bush contends that we should address the merits of his claims because he is not "eligible" for the death penalty within the meaning of *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). Removal of the invalid aggravators (claims 1 and 2) or

the absence of proportionality review (claim 3), Bush argues, render him ineligible under Florida law for the death penalty. He contends that the 1996 amendments do not abrogate the miscarriage of justice exception to the abuse of the writ doctrine articulated in *Sawyer* because the exception is grounded not in the statutes and rules, but in the Constitution.

## II. DISCUSSION

Bush does not allege that any of the claims in question "rel[y] on a new rule of constitutional law" as required by § 2244(b)(2)(A). That section, therefore, does not apply to any of Bush's claims.

In order for § 2244(b)(2)(B) to apply, Bush must establish both that the factual predicate for the claim could not have been previously discovered and that "but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

■ Bush does not allege that the factual predicate for claims 1 and 2 could not have been previously discovered. Claim 3, however,—the claim based upon the absence of proportionality review—is based upon vacation of Cave's sentence in 1995, subsequent to Bush's prior petition. But Claim 3 does not implicate the federal constitution. Proportionality review of the kind at issue is not required by the federal constitution, *Pulley v. Harris,* 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984), but only by Florida law. "A federal court may not issue the writ on the basis of a perceived error of state law." *Id.* at 41, 104 S.Ct. at 875. In state court, Bush contended that if Cave were sentenced to life, Bush's death sentence would be disproportionate. Both the trial court and the Florida Supreme Court rejected the claim, finding that Bush failed to establish that *his* culpability had in any way been diminished. *Bush v. State,* 682 So.2d 85, 87 (Fla.1996). "Even if Cave were to receive a life sentence, it could not be said that Bush's death sentence would be disproportional." *Id.* at 87–88. Florida has conducted the proportionality review its law requires. No federal con-

stitutional claim meeting the requirements of § 2244(b)(2)(B) is presented.

■ In this case we find it unnecessary to address Bush's argument that the 1996 amendments did not abrogate the miscarriage of justice exception to the abuse of the writ doctrine articulated in *Sawyer.* Assuming, *arguendo,* that the Act has not eliminated the miscarriage of justice exception articulated in *Sawyer,* we hold that no miscarriage of justice occurred here. Bush has fallen short of demonstrating that his counsel was ineffective regarding his 1974 conviction for rape and robbery. Further, he has not presented clear and convincing evidence that, in light of the alleged ineffective assistance of counsel, his 1974 conviction should be set aside, thereby invalidating the "prior violent felony" aggravating factor used in the instant case.

## III. CONCLUSION

Bush's application is denied because it does not meet the requirements of § 2244(b)(2). The application for a stay of execution is also denied.

APPLICATION FOR PERMISSION TO FILE A SECOND HABEAS CORPUS PETITION DENIED. REQUEST FOR STAY OF EXECUTION DENIED.