719 So.2d 865 (1998)
Angel Nieves DIAZ, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
Angel Nieves DIAZ, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74927, 81584.
Supreme Court of Florida.
June 11, 1998.
Rehearing Denied October 1, 1998.
*866 Todd G. Scher, Chief Assistant CCRC, and Gail E. Anderson, Assistant CCRC, Office of the Capital Collateral Regional CounselSouth, Miami, for Petitioner/Appellant.
Robert A. Butterworth, Attorney General, and Sara D. Baggett, Assistant Attorney General, West Palm Beach, for Respondent/Appellee.
PER CURIAM.
Angel Diaz appeals an order of the trial court denying relief under Florida Rule of Criminal Procedure 3.850 and petitions the Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1)(9), Fla. Const. We affirm the denial of rule 3.850 relief and deny the writ.
The facts of this case are set out fully in our opinion on direct appeal. See Diaz v. State, 513 So.2d 1045 (Fla.1987). During a December 29, 1979, holdup of a bar, Diaz and two companions terrorized the patrons and employees and robbed and killed the manager. Diaz was convicted of first-degree murder and was sentenced to death based on five aggravating circumstances[1] and no mitigating circumstances. The Court affirmed. Justice Barkett noted the extraordinary circumstances of the crime:
I cannot fault the result based on the record in this case, which could have convinced a judge and jury beyond a reasonable doubt that Diaz was the more culpable of the two perpetrators. Moreover, the defendant's prior record in this instance includes an armed robbery, two escapes, the assault and battering of correctional officers, and a conviction for murdering the director of a drug rehabilitation center by stabbing him nineteen times while he slept. On this record, there is sufficient evidence *867 and sufficient aggravating factors to support the conviction and sentence.
Id. at 1049-50 (Barkett, J., specially concurring). The governor signed a death warrant in 1989, and this Court issued an indefinite stay to give Diaz an opportunity to seek postconviction relief. Diaz filed a rule 3.850 motion in the trial court, which the court denied following an evidentiary hearing on the issue of the effectiveness of penalty phase counsel. Diaz appeals that denial[2] and seeks a writ of habeas corpus.[3]
Diaz first challenges the sufficiency of the trial court's order denying 3.850 relief, claiming that the court summarily denied a number of claims without attaching relevant portions of the record as required by case law. See, e.g., Hoffman v. State, 571 So.2d 449 (Fla.1990). This matter has already been decided adversely to the defendant. See Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993) ("To support summary denial without a hearing, a trial court must either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion."). The trial court in the present case stated its rationale for denying each claim. We find no error.
As a corollary issue, Diaz claims that reversal is required because the trial court entered into an ex parte communication with the State when the court asked the State to submit a proposed order denying 3.850 relief.[4] We disagree for several reasons: (1) Telephonic communications with both parties were conducted by the judicial assistant, not the judge; (2) the communications with the parties were nearly simultaneous (i.e., one day apart); (3) the Office of the Capital Collateral Representative (CCR) reviewed the proposed order without objection before the State submitted it to the court; (4) CCR *868 did not object to the order after it had been submitted to the court; and (5) the court gave CCR more than ample time (i.e., six months) to file objections. We find no grounds for reversal. See Hardwick v. Dugger, 648 So.2d 100 (Fla.1994); Groover v. State, 640 So.2d 1077 (Fla.1994).[5]
Diaz asserts that the trial court erred in failing to grant an evidentiary hearing on the competency claims in his rule 3.850 motion, i.e., that he was incompetent to stand trial and that he received an inadequate competency evaluation. We disagree. The trial court addressed these claims in its order denying rule 3.850 relief:
Claims IV and XI allege that the defendant was incompetent to stand trial, that the mental health experts who evaluated him at trial failed to conduct a professionally competent and appropriate evaluation, and that trial counsel provided ineffective assistance in this regard. The Court finds that the record clearly establishes the defendant's competency to stand trial, to assist counsel, and to act as counsel. Furthermore, this issue was raised and adjudicated on direct appeal. Diaz v. State, 513 So.2d 1045 (Fla.1987). The proffered testimony from two new mental health experts does not establish that the court-appointed experts, Drs. Haber and Castiello, conducted incompetent evaluations. See Rose v. State, 601 So.2d 1181 (Fla.1992); Hill v. Dugger, 556 So.2d 1385 (Fla.1990); Bush v. Wainwright, 505 So.2d 409 (Fla.1987); James v. State, 489 So.2d 737 (Fla.1986). Similarly, the defendant's allegations as to ineffective assistance [of counsel] are insufficient under the standards of Strickland v. Washington, [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)].
The court properly applied the law and competent substantial evidence supports its findings. We find no error.
Diaz asserts that the trial court erred in denying without evidentiary hearing his rule 3.850 claim of ineffective assistance of pretrial and guilt phase counsel and in denying with evidentiary hearing his claim of ineffective assistance of penalty phase counsel. We disagree. The trial court explained:
3. Claims IV, V, VI, and XI are all claims which do not contain sufficient factual allegations or a review of the records and files of this case demonstrate that the defendant is not entitled to relief. Thus, this Court summarily denies these claims.
....
Claim VI alleges that trial counsel provided ineffective assistance at various times pretrial and during the trial. This Court finds that these allegations fail to demonstrate that trial counsel provided ineffective assistance. See Roberts v. State, 568 So.2d 1255 (Fla.1990); Provenzano v. State, 561 So.2d 541 (Fla.1990); Buenoano v. Dugger, 559 So.2d 1116 (Fla.1990).
4. This Court held an evidentiary hearing on Claim XIII, which alleged that trial counsel provided ineffective assistance at the penalty stage. At the evidentiary hearing, the defendant presented the testimony of Dr. James Larson, Dr. Dorita Marina, Julia Nieves Diaz, Magdalena Nieves Diaz, Maria Magdalena Otero-Diaz, Robert Lamons and Peter Ferrero. The State presented the testimony of Dr. Anastasio Castiello, Alberto Fuentes and Miguel Martir.
This Court finds, after reviewing the testimony of these witnesses, that the defendant has failed to establish that trial counsel provided ineffective assistance under the standards of Strickland v. Washington, supra. See Koon v. Dugger, [619 So.2d 246 (Fla.1993)]; Mendyk v. State, 592 So.2d 1076 (Fla.1992); Lambrix v. State, 534 So.2d 1151 (Fla.1988).
The court properly applied the law and competent substantial evidence supports its findings. We find no error. We find the remainder of Diaz's rule 3.850 claims to be either procedurally barred[6] or without merit.[7] We also find his habeas claims to be without merit.
*869 Based on the foregoing we affirm the denial of Diaz's rule 3.850 motion and we deny his petition for writ of habeas corpus.
It is so ordered.
OVERTON, SHAW, HARDING and WELLS, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., concurs in conclusion only.
NOTES
[1] The trial court found that Diaz was under sentence of imprisonment, had previously been convicted of another capital felony, caused a great risk of death to many persons, committed the murder during a kidnapping, and committed the murder for pecuniary gain. This Court struck the third aggravating circumstance. See Diaz v. State, 513 So.2d 1045 (Fla.1987).
[2] Diaz raises twenty-five issues and numerous subissues, claiming error on the following points: (1) denial of several claims without an evidentiary hearing and without attaching portions of the record to the order; ex parte communication; (2) competency to stand trial; (3) inadequate mental health exam; (4) Brady violation; (5) Faretta violation; (6) ineffective assistance of pretrial and guilt phase counsel; (7) disqualification of judge; (8) public records disclosure; (9) ineffective assistance of penalty phase counsel; (10) weighing of aggravators and mitigators; (11) denial of self-representation in penalty phase; (12) interference with attorney-client relationship; (13) absence from critical stages; (14) inadequate competency hearing; (15) denial of right to present a defense; (16) security measures; (17) ineffective assistance of counsel in accepting State's proffer to seek death; (18) instructions on aggravators; (19) Clemons violation; (20) Caldwell violation; (21) nonstatutory aggravating factors; (22) failure to find mitigating circumstances; (23) burden shifting; (24) jury instruction concerning majority vote; (25) ineffective assistance of post-conviction counsel.
[3] Diaz raises eighteen issues, claiming that appellate counsel was ineffective on the following points: (1) Diaz's competency; (2) Diaz's absence from critical stages; (3) denial of Diaz's request to call witnesses; (4) incomplete record on appeal; (5) jury's request to read back testimony; (6) proportionality; (7) weighing; (8) harmless error analysis; (9) failure to challenge arguments and instructions; (10) burden shifting instructions; (11) new decisions concerning security measures; (12) security measures; (13) denial of self-representation during penalty phase; (14) State's proffer of reason codefendant was offered a plea of life imprisonment; (15) pecuniary gain; (16) future dangerousness; (17) failure to find mitigating circumstances; (18) misstatements by State and court concerning the necessary vote for a life sentence.
[4] The trial court held an evidentiary hearing on December 4-6, 1991, on Diaz's rule 3.850 motion, and both parties submitted post-hearing memoranda. On July 9, 1992, Judge Donner's judicial assistant, Anthony Cotteril, called the state attorney's office and left a message for Assistant State Attorney Penny Brill saying that the judge had decided to deny the rule 3.850 motion. According to Brill, the next day, July 9, Cotteril told Brill that the judge had requested that the State prepare a proposed order denying relief, and Brill agreed to draft such an order and submit it first to the Office of the Capital Collateral Representative (CCR) for review. On the same day, July 9, Cotteril told CCR that the judge had decided to deny the motion and that Brill would be submitting a proposed order to CCR. On July 14, CCR filed an objection to the July 9 communication between the court and the state attorney's office and a motion for disqualification of the judge (which was later denied). Several days later, on July 17, Brill submitted a draft of a proposed order to CCR and told CCR that she would wait several weeks before forwarding the draft to the court in case CCR had any objections. CCR lodged no objections and Brill submitted the draft to the court. The court considered the matter for six months, during which time CCR filed no objections and submitted no alternative order of its own. The court signed the proposed order on January 28, 1993.
[5] See generally Fla. R. Civ. P. 1.080(h)(1).
[6] The following claims are procedurally barred: 5, 10-15, 18, 20-24.
[7] The following claims are without merit: 4, 7, 8, 16, 17, 19, 25.