CONFESSION OF ERROR

GREEN, J.
Appellant, Stanley Johnson, appeals the denial of his rule 3.850 motion after an evidentiary hearing. In his motion, Johnson raised four grounds for relief, but the record before us discloses that the trial court addressed only one ground. Johnson argues, and the state correctly concedes, that this was error. See Hoffman v. State, 571 So.2d 449 (Fla.1990) (remand for full hearing on motion for post-conviction relief required where trial court, in its summary order, stated no rationale for its rejection of motion and did not attach those specific parts of the record that directly refuted each claim raised).
*674 Accoi'dingly, we remand this cause to the trial court for further consideration of the three other claims raised by Johnson in his motion. If after considering all of the claims, the trial court finds that post-conviction relief is not warranted, the court shall either set forth a clear rationale explaining with particularity why the motion was denied or attach those portions of the record(s) and/or file(s) which demonstrate that Johnson is not entitled to relief. See Diaz v. Dugger, 719 So.2d 865 (Fla.1998). See also e.g., Anderson v. State, 627 So.2d 1170 (Fla.1993) to support summary denial of motion to vacate conviction and sentence without a hearing, trial court must either state its rationale in its decision or attach those specific parts of the record which refute each claim presented in the motion.
Remanded with directions.